## FERDINAND W. DICKINSON

*v.*

## THE GRIGGSVILLE NATIONAL BANK *et al.*

*Opinion filed April 20, 1904.*

1. WILLS—*estate for life may be created in personal property of a durable nature.* An estate for life may be created in personal property of a durable nature, with remainder over, and in such case the property remaining is to be distributed to the remainder-men.

2. SAME—*when widow takes life estate in personal property.* A bequest to the widow of the testator of "one-third of all personal property that I may die possessed of, for her use during her natural life," with a limitation over as to such one-third in a subsequent clause, passes only a life estate therein to the widow.

3. SAME—*legatees of remainder in personalty protected against assignee with knowledge.* A legatee who accepts a bequest under a will and has full knowledge of its provisions does not, by obtaining from the widow an assignment of bank stock bequeathed to her by the will for life with remainder over, obtain any greater interest than that possessed by the widow.

4. INTERPLEADER—*when bank may file bill of interpleader.* If a certificate of bank stock is not to be delivered by the bank to the assignee of the stock until the death of the assignor, the bank, by issuing a duplicate certificate to the assignee and permitting him to vote at elections for directors, is not estopped to require him to interplead when the stock is claimed by other parties, where he was not in any way injured or prejudiced by such acts.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding.

EDWARD DOOCY, for appellant.

R. N. ANDERSON, and A. C. MATTHEWS, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a bill of interpleader filed by the Griggsville National Bank, in which it was averred that the bank was the custodian of eleven shares of the capital stock of said bank; that the complainant had no interest in said shares of stock, but that the appellant, Rev. Ferdinand W. Dickinson, claimed to be the sole owner of eight of said shares of stock, and the appellees, his brother, Samuel W. Dickinson, and his sister, Myra B. Cushing, each claimed to be the owner of an undivided one-third of said eleven shares of stock and that said appellant was the owner of the other one-third of said shares of stock. The bill averred the claimants had demanded that the bank should surrender the stock to them, respectively, according to their claims of the ownership thereof, and the prayer of the bill was that the claimants should be required to interplead, and litigate, between themselves, their respective rights, interests and title to said eleven shares of the said bank stock. The cause was heard on the bill, answers of the defendants and replications thereto, and a decree was entered finding the parties claimant of the stock were each entitled to an undivided one-third of the eleven shares, and ordering the complainant bank to deliver the shares of stock in accordance with such finding, and decreeing that the costs should be paid by the appellant. The appellant brought the cause into the Appellate Court for the Third District by appeal, and from a judgment entered in that court affirming the decree of the circuit court has prosecuted his further appeal to this court.

The shares of bank stock here in controversy, and also two other shares of such stock not here involved, making thirteen shares in all, were the property of one

Justin Dickinson, deceased, at the time of his death. He died in Pike county. Illinois, on the 20th day of June, 1885, and left him surviving Betsey E., his widow, and two sons, the appellant and Samuel W. Dickinson, one of the appellees, and one daughter, the appellee Myra B. Cushing. Said deceased left a last will, which was duly admitted to probate in Pike county and letters testamentary were issued to Thomas Turnbull. The will, so far as necessary to be here considered, is as follows:

"*First*—I give, devise and bequeath to my beloved wife, Betsey E. Dickinson, the homestead in the city of Griggsville, in which we now live, for her own use during her natural life, and one-third of all personal property that I may die possessed of, for her own use during her natural life.

"*Third*— * * * And at the death of my wife, the one-third bequeathed to her, and the homestead, to be equally divided between Samuel Wales Dickinson and Ferdinand W. Dickinson, my sons, and Myra B. Cushing, my daughter."

On the 4th day of May, 1886, the executor, Turnbull, delivered and assigned to the widow, Betsey E., the said thirteen shares of bank stock, on which the executor and the widow placed a value of $2200, the shares of stock being worth a premium above their par value. The widow, Betsey E., departed this life on the 13th day of December, 1900.

The appellant contends that under the true construction of the will the widow was entitled to one-third of the personal property of the testator, with full and absolute power to sell and dispose of the same, and that she so received said shares of bank stock; and his further contention is, that he bought from the widow, his mother, eight of such shares, being eight of the shares now in the possession of the appellee bank, and that he thereby became the sole and absolute owner of eight of the said shares. The appellees, brother and sister of

the appellant, contend that under a true construction of the will the widow had only a life estate in one-third of the testator's personal property, and that the executor delivered these shares of stock to her as constituting one-third in value of the entire personal property of the testator, and that the widow thereby became entitled only to the benefit of the income from the stock, and had no power to sell the absolute title to the same. They further insist the proof shows the alleged purchase of the shares by the appellant from his mother was a mere pretense; that he had paid no legal consideration therefor, and that he entered into the transaction with the fraudulent intent to wrong them, and with full knowledge that the widow had no power to make a lawful transfer of the title to the shares of stock to him.

Appellant first contends that the gift to the widow of one-third of the personal property of the testator "for her own use during her natural life," found in the first clause of the will, invested the widow with unlimited power to sell such property if she saw fit to do so, and that the limitation over of the same property to the children of the testator, found in the third clause of the will, is repugnant to the bequest in the first clause, and for that reason void. The defect in that contention is, that by the express terms of the first clause a life estate, only, is given the widow. This being true, the limitation over is not repugnant to the principal bequest, and as we said in *Welsch* v. *Belleville Savings Bank,* 94 Ill. 191, the doctrine the limitation over is void has no application when the principal bequest is in express terms of an estate for life, only. An estate for life may be created in personal property of a durable nature, with remainder over, and in such case the property remaining is to be distributed to the remainder-men. (*Boyd* v. *Strahan,* 36 Ill. 355; *Trogdon* v. *Murphy,* 85 id. 119; *McCall* v. *Lee,* 120 id. 261.) A specific bequest, for life, of chattels of such nature the use whereof consists in their consump-

tion or their destruction, may carry the absolute title; (*Burnett* v. *Lester*, 53 Ill. 325; 24 Am. & Eng. Ency. of Law, —2d ed.—437;) but where the bequest is not of specific articles of property, but of the residue, which consists, in part, of chattels not of a durable nature, the gift is not of the absolute title of the consumable chattels and for life of the durable, but is of the income or use for life, and the property is reserved for the remainder-men; and in such case, if the property, or a portion of it, is of that character that it will be consumed or will perish in its use, it may be ordered to be sold and the income paid to the life tenant and the principal secured for the remainder-men. (*Burnett* v. *Lester, supra; Welsch* v. *Belleville Savings Bank, supra; Buckingham* v. *Morrison,* 136 Ill. 437.) The bequest in the case at bar is to the widow "for her use during her natural life." The subject matter of the bequest is the one-third of the residue of the personal estate of the testator,—not of specific consumable articles. The gift to the widow was therefore of the one-third of the personal estate for her life, and she did not take an absolute, vendible estate therein.

We have investigated the contention of the appellant that his mother, the widow of the testator, received the said thirteen shares of stock, or a portion of them, in payment of the amount adjudged to her as the balance due on her widow's award, and find the contention is not well grounded. The widow received from the executor, in cash, in different payments, the full amount adjudged to her as the balance due her on her widow's award. The shares of stock were in the hands of the executor after the payment of the widow's award and all other legal demands against the estate, and constituted a part of the residue of the estate of the testator. The widow was entitled to one-third of such residue, and the thirteen shares of stock were delivered to her by the executor as being, in value, one-third of the residue of the personal estate of the testator. She did not take an absolute es-

tate in the shares of stock, but only a right to enjoy the income arising therefrom during her natural life. The appellant had full knowledge of the provisions of the will, accepted a bequest provided for him therein, well knew that the shares of stock constituted a part of the residue of the personal property of which his father died seized and of the manner and purpose of their transfer by the executor to his mother, and consequently could not obtain, by purchase from her, any greater interest than she herself had in the shares of stock.

Aside from this, the appellant cannot be regarded as a *bona fide* purchaser of the shares of stock. It does not appear that he paid any consideration for the assignment of the shares to him. The transaction was, that he induced his mother to execute an assignment to him of the shares of stock without any consideration whatever, she to retain the right to receive all dividends during her lifetime. The assignment was merely voluntary. But it was suggested to the appellant that a consideration was necessary to make the transfer legal, and he thereupon, as he testified, laid a dollar on the table before his mother. It does not appear whether the mother ever received the dollar or not. There was only a very thinly veiled pretense of a sale. The appellant thereby obtained neither a legal nor equitable right or interest in or to the shares of stock.

The appellant procured the appellee, his sister, Mrs. Cushing, to sign the following instrument in writing:

"In consideration of one-third of five shares in the Griggsville National Bank, I agree to the transfer of eight shares by Betsey E. Dickinson to Ferdinand W. Dickinson.

MRS. MYRA B. CUSHING."

He insisted that thereby Mrs. Cushing ratified the transfer by the mother of the eight shares of stock to him. The chancellor declined to give this effect to the writing. Mrs. Cushing contended that her signature to the instrument was obtained by false representations

on the part of the appellant, and that she received no consideration for its execution.  The second of these contentions was well supported, and we therefore do not find it necessary to decide the first of them.  The appellant did not assign or transfer to Mrs. Cushing any portion of his interest in the other five shares of the stock; does not admit in his pleadings that Mrs. Cushing is entitled to his interest in the other five shares, but his contention in his answer is, that he is entitled to the eight shares absolutely and entirely, and to an undivided one-third of the remaining five shares.  The writing did not invest appellant with the legal or equitable right to Mrs. Cushing's one-third interest in the eight shares.

The appellant contends the bill of interpleader ought not to have been entertained by the court.  We think the appellee bank was entitled to a decree requiring the appellant and his brother and sister to interplead, and to procure the court to determine, as between themselves, their respective rights and interests in the shares of stock.  The executor assigned the shares of stock held by the deceased to the widow.  The bank issued a new certificate, No. 98, to the widow for thirteen shares of stock.  When the transaction occurred between the appellant and his mother, the widow, whereby he claims to have become the owner of the eight shares of the stock, the widow endorsed on the certificate for the thirteen shares an assignment of eight shares to the appellant, and authorized the bank to make the "necessary transfer on the books of the bank."  The bank executed a certificate, No. 100, for eight shares of the stock to the appellant, but retained the same in the possession of the bank and delivered to the appellant a duplicate thereof, on the face of which a statement was written in red ink, in substance to the effect that the same was a duplicate of the certificate No. 100, and that the original certificate was to be delivered to the appellant at the death of his mother, Betsey E. Dickinson.  During the lifetime

of the mother the dividends on the stock were paid to her, but the appellant was permitted to vote at bank elections as the owner of the stock. When the widow died the bank had in its possession the certificate No. 100 for the eight shares of stock. The appellant demanded the bank should deliver it to him. The appellees Samuel W. Dickinson and Myra B. Cushing advised the bank of the facts connected with the alleged transfers and assignments of the shares of stock, and that said appellees, respectively, claimed to be entitled to an undivided one-third of the eight shares mentioned in the certificate which was in the possession of the bank, and demanded that the bank should account to them accordingly. The position of counsel for the appellant seems to be, that the bank having recognized the appellant as the owner of the said eight shares of stock by permitting him to vote, as such owner, at the elections for directors, should be deemed estopped to question his ownership, or to require him, by way of a bill of interpleader, to litigate his claim of ownership in the courts. There is neither fraud nor misrepresentation charged against the bank, or that the appellant was induced by the action of the bank, or in reliance thereon, to take any steps or change his position or course to his injury. The appellant was not in anywise injured or prejudiced by the action of the bank in permitting him to vote as the owner of the shares, and, therefore, when that right was challenged the bank was not estopped to require him to interplead and defend his title to the stock and his right to be regarded as the owner thereof.

The claim of appellant was unjust and inequitable, and was properly denied.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*