Estate of Catherine L. Tognotti, Deceased.
Luigi Donati, Petitioner-Appellee, v. Margaret Ginocchio, Individually and as Executor of the Estate of Catherine L. Tognotti, Deceased, Respondent-Appellant, Victorio Focher, et al., Respondents-Appellees.

Gen. No. 54,455.

First District, First Division.

August 17, 1970.

James F. Lyons, of Chicago, for respondent-appellant.

Gerald M. Chapman, Edward Atlas, Peter V. Fazio, and John G. Spatuzza, of Chicago (Gerald M. Chapman and Edward Atlas, of counsel), for respondents-appellees.

MR. PRESIDING JUSTICE BURMAN delivered the opinion of the court.

This is a supplemental proceeding filed in Probate on December 28, 1967, by the beneficiaries of a testamentary trust created under the Last Will and Testament of Zaverio Tognotti seeking to recover from the estate of Catherine L. Tognotti certain assets which she allegedly held as a life tenant under the will of Zaverio Tognotti, her husband, and requesting an accounting.

The principal issue is whether the shares of stock which Catherine received as a life tenant with the power to convey under her husband's will and which, along with additional shares received from stock splits that were registered in her name at the time of her death passed under her will or that of her husband.

Zaverio Tognotti died testate on June 20, 1935, and was survived by his wife, Catherine, no children having been born to or adopted by them. His Last Will and Testament was duly admitted to Probate, and Catherine

was appointed executrix of his estate. The provisions pertinent to this controversy under his will are as follows:

> SECOND: After payment of said debts and funeral expenses, all the rest, residue and remainder of my property, real or personal, and wheresoever situate, whereof I may die seized or possessed, or to which I or my estate may be in any manner or to any extent entitled, or as to which I may have any power of appointment, I give, devise and bequeath to my beloved wife, Catherine Tognotti, to have hold, use and enjoy for and during the time of her natural life, with the right to sell, mortgage, pledge, invest expend, give away, and otherwise dispose of and deal with the same, or the proceeds thereof; and after her death, if there be anything left, I give, devise and bequeath the same in equal shares to the persons and in the manner designated in the following paragraph.

In the third paragraph of his Will, Zaverio Tognotti, designated Pompilio Piccinini as trustee "of whatever is left of my estate" until the youngest of certain grandnephews and grandnieces reached twenty-one, at which time the estate was to be distributed.

On October 21, 1935, Catherine filed an inventory listing shares of stock in American Telephone and Telegraph Company, Hecla Mining Company, International Telephone and Telegraph Corporation and Peoples Gas, Light & Coke Company. In 1936, she caused the certificates in A. T. & T. and Hecla Mining to be cancelled, and new certificates were issued to her in the name of "Mrs. Catherine L. Tognotti, life tenant under the Will of Zaverio Tognotti" and "Mrs. Catherine L. Tognotti, life tenant" respectively. In the same year she also caused the I. T. & T. and Peoples Gas shares to be cancelled and certificates to be issued in the name of "Cath-

122

erine L. Tognotti." In 1965, Mrs. Tognotti had the A. T. & T. and Hecla Mining shares cancelled and reregistered in the name of "Mrs. Catherine L. Tognotti." During her lifetime Catherine L. Tognotti received additional shares as the result of stock splits which were registered in her name.

Catherine died on March 27, 1967, and her Will was duly admitted to Probate. Letters Testamentary were issued to Margaret Ginocchio who was also the sole beneficiary under Catherine's will. Included in Catherine's estate were shares of stock in the four aforementioned corporations which were directly traceable through certificate numbers to the shares of stock received by her in these companies from her husband's estate, along with additional shares due to stock splits.

This proceeding was then filed in Probate from which it was transferred to the Chancery division. The cause was considered on the basis of the verified pleadings filed by the parties, a stipulation of facts and the evidence deposition of William J. Tognotti.

Thereafter, a decree was entered containing certain detailed findings, among which were the following:

Zaverio intended to leave his wife a life estate in the disputed assets with a power of disposition during her lifetime with the provisions that any part of such assets that remained in her possession at her death would pass to the trustee of the trust he created under his will. It was not his intention that his wife would have the power to dispose of any of the assets which remained in her possession at her death by her will or as part of her estate. The shares of stock of the four aforementioned corporations which were in Catherine's possession at the time of her death were directly traceable to the shares which she received from her husband as a life tenant. Such shares were not part of her estate and were wrongfully included in the inventory. The transfers by Margaret Ginocchio of this stock into her own

name were in derogation of the rights of the trustee under Zaverio's Will.

A judgment was entered against Margaret Ginocchio for dividends collected by her, and she was ordered to deliver the stocks in question to the named successor trustee of the trust created under Zaverio's Will. The court retained jurisdiction to determine the persons constituting the class of beneficiaries of the trust. The court pursuant to Supreme Court Rule 304 expressly found that there was no just reason to delay the enforcement or appeal of the decree which disposed of the controversy between the Executor of Catherine's estate and the claimants to the trust under Zaverio's Will. This appeal has been taken from that decree by Margaret Ginocchio individually and as Executrix of the Estate of Catherine L. Tognotti.

██ A life estate in personal property has long been recognized in Illinois. Dickinson v. Griggsville Nat. Bank, 209 Ill 350, 70 NE 593. A life estate may include, as this one did, a power to dispose of the subject of the estate which if exercised will defeat the interest of the remaindermen. In re Estate of Cashman, 134 Ill 88, 24 NE 963. The question in this case is whether the action of Catherine Tognotti in changing the registration of the shares of stock to her individual name without designation as a life tenant was a disposition under the will which defeated the remaindermen.

█ It is clear from the terms of the will that it was Zaverio's intention that his wife, Catherine, have a life estate in the securities. He explicitly provided how and to whom any which remained at her death were to be distributed. To provide for Catherine's support, Zaverio gave her the power to dispose of all the shares in her lifetime. She could have sold them, or under the terms of the will, even given them away. However, we do not think that her causing the shares to be registered in her individual name without designation as a life tenant was

124

a disposition of the stock. No cases have been cited to us in support of this proposition. The fact that the large corporations were willing to so alter the stock certificates did not give Catherine Tognotti absolute title to the stock so as to defeat the remainder interest of the testamentary trustee under Zaverio's Will.

In Cales v. Dressler, 315 Ill 142, 146 NE 162, the testator gave his wife a life estate with the power to sell, but also provided that whatever was left at her death be divided among certain named devisees. The widow conveyed part of the real property during her lifetime to a third person, who reconveyed it to her in order that the property might pass under her will rather than that of her husband. The court held that to sustain a conveyance for such a purpose would permit a mere subterfuge to defeat the testator's intention and ordered that the property pass by the husband's will. Similarly, in Henderson v. Blackburn, 104 Ill 227, the court held that the issuance of a deed to another in which the widow retained a life estate in the property was an ineffective attempt to make a testamentary disposition of the property.

So it is in the case at bar. Catherine Tognotti still held control over the property at the time of her death. She had not disposed of it. The language of Zaverio's Will is unmistakable. His denial of a power of testamentary disposition is explicit because it states "if there be anything left" it is to go to a named trustee. Every phrase and word of a Will must be given effect, and none may be rejected as surplusage. Western & Southern Indemnity Co. v. Industrial Commission, 366 Ill 240, 243, 8 NE2d 644. The words "if there be anything left," must be given their natural meaning, that is, all property which Catherine received from Zaverio and which she still owned at the time of her death passed to the trustee under Zaverio's Will, and not, under

125

Catherine's Will. The property, therefore, was not a part of her estate, but passes under her husband's will.

It is also contended that the court erred in allowing the filing of an evidence deposition which was actually an attempt to make heirship. The trial judge made it clear that he was not accepting this deposition as a proof of heirship, but only for the purpose of determining whether proper parties brought this action. We find no error. There is also no merit to the contentions that the gift of the remainder to the trustee was a contingent remainder and, therefore, no trust could exist or that the court erred in refusing to require the claimants to file and post a bond for costs.

For the reasons stated, the decree of the Circuit Court is affirmed.

Affirmed.

MURPHY and ADESKO, JJ., concur.