NANCY SEXTON, as Ex'r of the Estate of Oliver D. Sexton, Jr., Plaintiff-Appellee, v. MARINE BANK OF SPRINGFIELD, as Trustee, *et al.*, Defendants-Appellants.

Fourth District   No. 4—92—0629

Argued February 17, 1993.—Opinion filed July 29, 1993.

J. Patrick Joyce, Jr. (argued), and Denise M. Bruhot, both of Brown, Hay & Stephens, of Springfield, for appellant Marine Bank of Springfield.

Gregory A. Scott (argued), of Scott & Scott, P.C., of Springfield, for appellants Martha L. Wright and Alison S. Blasdell.

Barry O. Hines (argued) and Bernard G. Segatto III, both of Barber, Segatto, Hoffee & Hines, of Springfield, for appellee.

JUSTICE COOK delivered the opinion of the court:

Ollie D. Sexton (Ollie) and Viola C. Sexton (Viola) had a son, Oliver D. Sexton, Jr. (Oliver, Jr.), who married Nancy O. Sexton (Nancy). Nancy, as executor of the estate of Oliver, Jr., filed a complaint seeking to construe the will of Ollie and to set aside a deed executed by Viola as violative of the terms of Ollie's will. The original defendants were Viola and Marine Bank of Springfield, as trustee of trust No. 53—1509—8 (the trust). Following cross-motions for summary judgment, the trial court set aside and rescinded Viola's conveyance of an undivided one-half interest in real estate to the trust. The court found the one-half interest in the real estate to be vested in Nancy, as executor of the estate of Oliver, Jr. Marine Bank together with Martha L. Wright and Alison S. Blasdell, as executors of Viola's estate (executors of Viola), appeal, contending the trial court erred in granting

Nancy's motion for summary judgment. We reverse and remand for further proceedings.

On June 13, 1981, Ollie died leaving a will which provided, in pertinent part, as follows:

> "I give, devise and bequeath to my wife, Viola C. Sexton, all real, personal and mixed property, that I may die seized of to be her property with the following limitations:
>
> a. My said wife, Viola C. Sexton, by this will shall take a life estate in all my real estate, but in event circumstances are such that a sale or mortgage of said real estate, becomes necessary, or a sale or mortgage of any part of it becomes necessary, for the support of my said wife, or wife and any of the children, my said wife, by this will becomes empowered to sell or mortgage any part or all of said real estate and her judgment in this matter shall be final; that is if my wife in her judgment thinks it necessary to mortgage or sell any part or all of said real estate, then upon her declaration of such circumstances in her deed or mortgage, this will gives her a fee simple interest in said real estate, with all the powers of sale or mortgage necessary to convey the interest intended by my said wife.
>
> b. It is my will that if my said wife, Viola does not exercise any of the powers of sale or mortgage before referred to, then upon her death, one-half of said real estate shall become the property of my son, Oliver D. Sexton, Jr.[,] and if my said wife sees fit to mortgage or sell any part of said real estate, then one-half of the remainder shall become the property of my said son, Oliver D. Sexton, Jr.[;] and the balance of said real estate, known as the remainder after my wife's death shall pass in equal shares to my two daughters *** The intent of this paragraph is to give my said son, one-half of the real estate remaining at the time of my wife's death; and the other half to my two said daughters *** the interests of all my said children being *** subject to the contingencies aforesaid. The word 'support' in this will means and includes, medical, food, shelter and necessities of life."

Included in the property belonging to Ollie which passed to Viola pursuant to his will was certain real estate which she, by deed dated December 6, 1988, conveyed to Marine Bank as trustee of a trust under which Thomas J. Wright, Martha L. Wright, Alison H. Blasdell, Harry Hopkins, and Curtis Hopkins were beneficiaries. Martha L. Wright is Viola's daughter, and Alison Blasdell, Harry Hopkins, and Curtis Hopkins are children of Viola's deceased daughter, Wanda Lee

Hopkins. The deed contained the following statement: "The sale of the real estate described herein has, in the opinion of the GRANTOR [Viola], become necessary for the support of GRANTOR due to current circumstances of GRANTOR." Although the real estate was appraised at $159,000, Viola received only $18,000 in consideration for it, and subsequently filed a gift-tax return disclosing a gift of $141,000 to the beneficiaries of the trust as a result of the conveyance.

Nancy's complaint was filed March 6, 1989. Count I sought construction of the last will and testament of Ollie. Count II alleged that Viola breached a fiduciary duty with respect to the remainder interest in the real estate because it was sold for less than fair market value and there was no showing such sale was necessary for the support of Viola. Nancy sought rescission of the conveyance, punitive damages, attorney fees, and costs.

Following cross-motions for summary judgment, the court found the terms of the will to be unambiguous and dismissed count I. With respect to count II, the court granted Nancy's amended motion for summary judgment but denied her request for punitive damages and attorney fees. Specifically, the court set aside and rescinded the conveyance by Viola as to an undivided one-half interest in the real estate Viola sought to convey to the trust. The court found the one-half interest to be vested in Nancy, as executor of the estate of Oliver, Jr.

■ Initially, we address the question what type of interest Viola had in the property devised to her under Ollie's will. Marine Bank and the executors of Viola argue the will gave Viola a fee simple interest while Nancy contends the will gave Viola only a life estate in the property. We agree with Nancy that Viola had a life estate pursuant to the terms of the will, which expressly gave Viola "a life estate in all [Ollie's] real estate." The will, however, also gave Viola the power to consume in limited circumstances expressed as follows:

> "If my wife in her judgment thinks it necessary to mortgage or sell any part or all of said real estate, then upon her declaration of such circumstances in her deed or mortgage, this will gives her a fee simple interest in said real estate, with all the powers of sale or mortgage necessary to convey the interest intended by my said wife."

A life estate may include, as this one did, a power to dispose of the subject of the estate. (*In re Estate of Tognotti* (1970), 128 Ill. App. 2d 120, 124, 262 N.E.2d 803, 805.) Accordingly, Viola had a life estate in the real estate with the power to sell or mortgage part or all of it if, in her opinion and upon her declaration in the deed or mortgage, the

sale or mortgage became necessary for her support or for her and her children's support. See *Nielsen v. Duyvejonck* (1968), 94 Ill. App. 2d 224, 231, 236 N.E.2d 743, 746.

■■ ■ As to Oliver, Jr.'s remainder interest, normally a life tenant owes certain duties to a remainderman, including: (1) to prevent waste, (2) not to manipulate title so as to defeat the interest of the remainderman, and (3) not to transfer for inadequate consideration. (*Gaston v. Hamilton* (1982), 108 Ill. App. 3d 1145, 1149-50, 440 N.E.2d 190, 194.) Here, however, Ollie's devise to Viola gave Oliver, Jr., a vested remainder interest *subject to divestment* by Viola if she exercised her authority to sell or mortgage the real estate pursuant to the provisions of Ollie's will. Accordingly, if Viola properly and in good faith exercised her authority to sell, any interest Oliver, Jr., had in the real estate was defeated. See *Thomas v. First National Bank* (1985), 134 Ill. App. 3d 192, 208, 479 N.E.2d 1014, 1025 (life tenant's power to sell may not be exercised capriciously or in a manner which contradicts the terms of the conveyance); *Tognotti*, 128 Ill. App. 2d at 123, 262 N.E.2d at 805; *Nielsen*, 94 Ill. App. 2d at 231, 236 N.E.2d at 746 (life tenant with authority to sell had sole discretion to determine the need for sale and consumption and, except for good faith, his judgment was not subject to control of, or review by, the courts or question by the remainderman).

■ The question, then, is whether Viola's sale to the trust was proper under the authority to sell granted to her in Ollie's will. The evidence regarding this issue is limited and somewhat contradictory. The will indicated Viola's judgment in this matter was to be "final," and she declared in the deed, as required under Ollie's will, that the sale was necessary for her support due to her current circumstances. However, she received only $18,000 in consideration for the real estate which had been appraised for $159,000. There is little or no evidence in the record as to Viola's financial situation or the circumstances which may have led her to make a judgment that sale of the real estate was necessary for her support. If Viola in good faith felt that a sale was necessary for her support, or her support and support of Ollie's children, she was entitled to sell the property. Because of the lack of evidence surrounding this issue and the fact that what little evidence there is in the record is contradictory, we find there are genuine issues of material fact remaining in this case. Accordingly, the circuit court erred in granting Nancy's motion for summary judgment. See *American States Insurance Co. v. Whitsitt* (1990), 193 Ill. App. 3d 270, 274, 549 N.E.2d 988, 990; *Casteel v. Smith* (1982), 109 Ill. App. 3d 1094, 1099, 441 N.E.2d 860, 863.

768

For the reasons stated, we reverse the summary judgment entered by the circuit court of Sangamon County and remand for further proceedings.

Reversed and remanded.

STEIGMANN, P.J., and KNECHT, J., concur.