Dale Jewelers, Inc., and William Zimmerman, Plaintiffs-Appellants, v. Robert Walker, Judgment Debtor, and Morton Balch, d/b/a Balch Realty Management Co., Garnishee Defendant-Appellee.

Gen. No. 48,888.

First District, Third Division.

October 23, 1963.

Rehearing denied December 5, 1963.

Harry D. Plotnick, and Chino & Schultz, both of Chicago, for appellants.

Westbrooks, Holman & E. F. Johnson, all of Chicago (Claude W. B. Holman, and Evelyn F. Johnson, of counsel), for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

This is a garnishment action wherein the judgment against the garnishee defendant was vacated because of a jurisdictional defect, three years and ten months after it was entered. The plaintiffs appeal from the order vacating the judgment.

The garnishee defendant's motion to dismiss the appeal, which was taken with the case, is denied.

In June 1958, the plaintiff, Dale Jewelers, Inc., judgment creditor of Robert Walker, filed a garnishment proceeding against Morton Balch, doing business as Balch Realty Management Co. Summons was issued and served. Morton Balch filed no appearance and a default judgment in garnishment was entered against him in favor of Walker, for the use of Dale Jewelers in the amount of $307.25. In February 1962, Balch moved to vacate the judgment for the reason that no affidavit in garnishment was filed at the commencement of the proceeding.

The parties agree that the affidavit was not in the court files at the time of the motion, that there

was no record of it and that it had not been noted on the "half sheet" of the case, which is a document on which the motions, orders and proceedings of cases in the Municipal Court are listed for ready reference. There also is no dispute that such an affidavit is a jurisdictional requisite and that a void judgment may be vacated at any time. The dispute, rather, is whether the affidavit was filed when the garnishment proceeding was started, whether the plaintiff pursued the proper course to correct the record and whether the court was correct in vacating the judgment and denying the motion to correct the record.

The plaintiff filed an answer to the motion of the garnishee defendant to vacate the judgment and attached to the answer were the affidavits of the plaintiff's attorney, his law clerk and a deputy clerk of the Municipal Court. The purport of these affidavits is that the garnishment affidavit either was filed or must have been because of the extensive experience of the attorney in garnishment cases, his unvarying routine in these cases, the uniform care used by his office staff, the procedure in the office of the bailiff of the court and the practice of the Municipal Court Clerk not to issue a garnishment summons without the filing of an affidavit in garnishment. Also attached to the answer were receipts issued to the attorney by the bailiff for several writs, and by the clerk for seventeen garnishments which had been filed at the same time as the instant case. Among these was listed the number of the instant case.

Impressive as these documents are, they are not a substitute for the original affidavit and they are not a substitute for an authenticated copy of the original affidavit, if the original was filed and was later lost or misplaced. At best, they only show that an affidavit was probably filed; they would not place in the court record the contents of the affidavit.

226

■ No attempt was made by the plaintiff to file a copy of the missing affidavit, which could have been done under rule 1, section 47 of the Rules of the Municipal Court. The nearest approach was a motion to correct the record by correcting the half sheet. The motion stated:

"That through omission, error and mistake of the Clerk of the Municipal Court, the Clerk's Office failed to stamp on the 'Half-Sheet' receipt of the affidavit for garnishment and the 'Half-Sheet' should be corrected to so show such document was filed."

If this motion had been allowed it would have availed the plaintiff nothing. A half sheet is not part of the official court record.

The court correctly denied this motion to correct the record and properly vacated the judgment.

The garnishment defendant complains of the order of the court making William Zimmerman an additional party plaintiff. No cross-appeal was taken by the defendant and the issue will not be considered.

The order of the Municipal Court is affirmed.

Affirmed.

SCHWARTZ, P. J. and McCORMICK, J., concur.