Joseph De Phillips *et al.*, Plaintiffs-Appellants, *v.* Mortgage Associates, Incorporated, Defendant-Appellee.

(No. 55482;

First District—November 22, 1972.

Blumenthal and Schwartz, of Chicago, (Milton M. Blumenthal, Arthur F. Schwartz, and Richard Lee Stavins, of counsel,) for appellants.

Stone, Pogrund & Garland, of Chicago, (Bertram A. Stone and Alan Garland, of counsel,) for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiffs brought this action in the circuit court of Cook County on their own behalf and as a class action on behalf of others similarly situated. In one count, plaintiffs sought to enjoin defendant from increasing the interest rate on their executed mortgage and to have the documents purporting to increase the rate of interest declared null and void. In the other count, plaintiffs sought to compel defendant to remit a mortgage discount received by defendant at the time of the closing of the mortgage transaction.

In January, 1968, plaintiffs executed a real estate contract to purchase a home from certain sellers for $17,500. At the same time, through the sellers' real estate broker, plaintiffs made written application to defendant for a 30 year loan in the amount of $16,800 to be insured by the Federal Housing Administration or the Veterans' Administration. The loan was to bear interest at the rate of 6% per annum, at that time the maximum rate authorized by the F.H.A. The mortgage application also specified that defendant would charge a fee of 1% of the mortgage amount for its services or $168 plus incidental charges. The following statement appeared on the face of the mortgage application: "If part of or all of loan charges will be paid by someone other than applicant, please describe here _____."
The blank space was not filled in. The loan application also stated that,

should the F.H.A. increase the allowable interest rate before F.H.A. finally insured the mortgage note, plaintiffs would agree to an amendment of their mortgage to reflect that increase. Defendant agreed in the application to exert its efforts to approve the loan.

On March 4, 1968, the F.H.A. issued a commitment to insure the mortgage in question. On March 23, 1968, plaintiffs, represented by counsel, concluded the real estate transaction with the sellers. At the closing, plaintiffs executed a mortgage and note in favor of defendant for an amount of $16,800 at 6% for 30 years, and defendant furnished a closing statement with reference to the mortgage. The statement recited the disbursement of the proceeds of the mortgage, and stated that the total loan charges, including the 1% fee, were $336.25.

On May 7, 1968, the F.H.A. prospectively authorized an increase in the maximum interest rate from 6% to 6¾%. On May 23, 1968, defendant wrote a letter to plaintiffs informing them of the interest rate increase authorized by the F.H.A. and requesting that they sign an amendment to their mortgage allowing for the increase. The letter recited that it was important to return the executed amendment and apologized for the delay in writing, explaining that defendant had over 300 similar documents to prepare. Plaintiffs charge that it was at this time that they learned that defendant had disbursed $15,792 and had retained a sum of $1,008, charging the sellers the latter amount as a mortgage discount.

At trial the real estate contract which was executed by plaintiffs and the sellers was introduced into evidence for the limited purpose of showing reference to mortgage requirements. The real estate contract specified that the mortgage discount was to be paid by the sellers.

After considering the testimony, pleadings, exhibits and arguments of counsel, the trial court found that the mortgage loan application and the resulting loan did not establish a fiduciary relationship, but created only a debtor-creditor relationship; that the language in the mortgage application, "if part or all of loan charges shall be paid by someone other than applicant, please describe here," was directed to plaintiffs as applicants, and imposed no information requirement or duty on the defendant; that plaintiffs knew or should have known that the mortgage discount of $1,008 was a sellers' cost and not a loan charge; that plaintiffs were not damaged by payment to defendant by a third party; that no evidence imposed a duty on defendant to pay all or any of sellers' costs to plaintiffs; and that plaintiffs had no obligation to execute the amendment to the real estate mortgage note, but that the action was not a class action. The court thereupon ordered that defendant be permanently restrained from instituting any foreclosure on the mortgage executed by plaintiffs based upon their refusal to execute the amendment

increasing the interest rate, and further ordered that all documents purporting to increase the interest rate for plaintiffs be declared null and void. The trial court dismissed for want of equity that count of the complaint seeking to compel defendant to remit to plaintiffs the mortgage discount of $1,008.

On appeal plaintiffs initially contend that the trial court, after finding that plaintiffs had no obligation to execute the amendment to the mortgage and note and that all documents purporting to increase their rate of interest were null and void, erred in ruling that a class action was not proper. Defendant has responded to this contention by arguing that the court erred when it ruled in favor of plaintiffs' individual action under the first count. Defendant therefore maintains that since plaintiffs failed to prove their own cause of action, the class action must fail. Indeed, counsel for defendant, at oral argument, conceded that position to be defendant's only argument on this issue.

■■ It is well settled that, in the absence of a cross appeal, an appellee will not be permitted in the reviewing court to challenge or to attempt to modify a portion of the trial court's order. (*Bryant v. Lakeside Galleries, Inc.*, 402 Ill. 466, 84 N.E.2d 412; *Dale Jewelers, Inc. v. Walker*, 44 Ill.App.2d 224, 194 N.E.2d 509.) In the instant case, defendant has not taken a cross appeal, and therefore cannot attack the validity of that portion of the order finding that all documents purporting to increase plaintiffs' rate of interest on their mortgage to be null and void.

■■ In determining the propriety of a class action, the test to be applied is the existence of a community of interest in the subject matter and a community of interest in the remedy. (*Harrison Sheet Metal Co. v. Lyons*, 15 Ill.2d 532, 155 N.E.2d 595.) The factors to be considered in applying this test are: (1) whether the claims of all members of the class share a common question of law and fact; (2) whether the causes of action of the members of the class arise from the same transaction; (3) whether one party can adequately represent the rights and interests of all other members of the purported class; (4) whether the number of possible class members renders separate litigation impossible or impractical; and, (5) whether there exists a purely equitable cause of action. *Moseid v. McDonough*, 103 Ill.App.2d 23, 243 N.E.2d 394.

■■ In view of the position taken by defendant on the issue in this court and from our examination of the record, we believe that, as to the first count, the trial court erred in dismissing plaintiffs' class action after holding in favor of plaintiffs on the substance of their claim. In its correspondence with plaintiffs requesting execution of the amendment for the increased interest, defendant explained the delay in its request on

the grounds that it was in the process of preparing three hundred similar documents. It thus seems that there may be a sizable class affected.

We believe that all members of the class similarly situated to plaintiffs are entitled to a finding that defendant be restrained from foreclosing mortgages for parties' failure to execute documents for an increased rate of interest under the same circumstances. Such parties are also entitled to have any documents similarly purporting to increase their rate of interest declared null and void. We observe, however, that the proposed increase in the interest rate from 6% to 6¾% per annum simple interest was neither usurious, fraudulent, or in any way against public policy. We therefore conclude that any party who voluntarily executed the amendment to the mortgage and note would not be considered members of a class similarly situated to plaintiffs and would not be entitled to the above relief.

Plaintiffs next urge that the trial court erred in dismissing their action, individual and class, to compel defendant to remit $1,008, the sum received by defendant from the sellers. In order to support this second issue, plaintiffs maintain that, by virtue of the terms of the mortgage application, a fiduciary relationship was created between the parties, that therefore defendant was compelled to advise plaintiffs that it was disbursing $15,792 to the sellers, rather than $16,800 as specified in the mortgage application, and that, absent such disclosure, plaintiffs were entitled to receive the sum of $1,008 from defendant.

■■■ A fiduciary or confidential relationship exists where, by reason of friendship, agency, business association and experience, trust and confidence are reposed by one person in another, who, as a result, gains an influence and superiority over the other. (*McCartney v. McCartney,* 8 Ill.2d 494, 134 N.E.2d 789.) The relationship of mortgagor and mortgagee does not of itself show the existence of a confidential or fiduciary relationship. (*Galvin v. O'Neill,* 393 Ill. 475, 66 N.E.2d 403.) Where a fiduciary relationship does not exist as a matter of law, the relationship must be proved by clear and conclusive evidence. *Galvin v. O'Neill, supra; Bremer v. Bremer,* 411 Ill. 454, 104 N.E.2d 299.

■■ In our view, the trial court correctly found that no fiduciary relationship was created between the parties and properly dismissed the second count of plaintiffs' complaint for want of equity. The relationship created between the parties clearly was that of mortgagor and mortgagee. Plaintiffs made a mortgage application to defendant to provide the financing required to effectuate their purchase of certain real estate, and defendant provided that financing. That mortgagor-mortgagee relationship was not changed by the request to F.H.A. to insure the loan. While

F.H.A. agreed to insure the mortgage, it remained for defendant to provide the funds to plaintiffs. Moreover, plaintiffs, while represented by counsel, entered into a contract with the sellers of the real estate in which it was provided that sellers were to pay the mortgage discount. Under such circumstances, it is difficult to perceive how plaintiffs could maintain that they did not know that the mortgage discount was a sellers' cost and not a loan charge. The trial court correctly found that plaintiffs knew or should have known such facts, and properly ruled that plaintiffs were not damaged by payment of that discount to defendant by the sellers.

Because we have found that plaintiffs cannot succeed in their individual action for a remittance of the mortgage discount paid to defendant by the sellers, their class action under this count also must fail.

Accordingly, that portion of the order dismissing the second count of the complaint, individual and class, is affirmed. The portion of the order dismissing the class action under the first count is reversed, and the cause is remanded to the trial court for further proceedings not inconsistent with the holdings of this opinion.

Order affirmed in part; reversed in part.

McGLOON, P. J., and DEMPSEY, J., concur.