RENEE O'KEEFE MORAN, Plaintiff-Appellant, *v.* ELLEN C. AKEN *et al.*, Defendants-Appellees.

Second District   No. 79-692

Opinion filed February 25, 1981.

Fred Lambruski and Herbert P. Veldenz, both of Chicago, for appellant.

Robert E. Dyer, of Rathje, Woodward, Dyer & Burt, and Barry L. Kroll, Donald E. Stellato, and David A. Novoselsky, all of Jacobs, Williams & Montgomery, Ltd., all of Chicago, for appellees.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

Plaintiff, Renee Moran, appeals from two orders of the Circuit Court of Du Page County granting the motions of defendants, Ellen Aken, Leigh Heffner, the City of Elmhurst (the City), and J.J. Czerny for summary judgment.

On January 16, 1976, Ellen Aken, while driving Leigh Heffner's car on an icy street near plaintiff's house, lost control and struck plaintiff's car,

which was parked in her driveway. Officer J.J. Czerny of the Elmhurst Police Department reported to the scene of the accident, and plaintiff and her houseguest, Miss McClean, came outside to inspect the damage. Noting that the car was stuck in a snowbank completely off the street, Officer Czerny asked Aken whether she needed a tow truck. Although admitting that she could not get the car out of the snow by herself, she said that she did not need a tow and could not afford one. Officer Czerny thereupon attempted to push the car by himself, but was unsuccessful. He then asked plaintiff and Miss McClean to help push the car.

Plaintiff had suffered a fractured vertebra in 1968. In her deposition, she testified that she had fully recovered and had not seen a doctor for the condition since 1969. Now, seven years later, she did not tell Officer Czerny of the previous injury. In response to Czerny's request, she urged him to call a tow truck. Czerny responded: "We'll push. You push here." He then cleared the snow from behind the tires, directed Aken to steer in the appropriate direction and positioned plaintiff and Miss McClean to push on the hood while Aken accelerated backwards. As Czerny, plaintiff and McClean rocked the car back and forth, the car moved slightly, then suddenly accelerated backwards free of the snowbank. Plaintiff testified that she and Miss McClean fell forward as the car accelerated. An hour later, plaintiff experienced severe pain in her back which has prevented her from returning to her teaching position. She has subsequently incurred numerous medical expenses in connection with the back injury.

Plaintiff filed a two-count amended complaint, alleging negligence against Aken and Heffner in count I, and negligence against Czerny and the city in count II for ordering her to help push the car in hazardous conditions.

Defendants Czerny and the City moved for summary judgment. In its opinion, the trial court acknowledged that a factual dispute existed with respect to whether Czerny's request that plaintiff help push the car "constituted an order that was legally constraining. If so, such order may have been unreasonable under the circumstances and was the proximate cause of the injuries because plaintiff had no choice but to obey. If she had no choice concerning her response, she could not be contributorily negligent." Without deciding whether the request constituted a "legally constraining" order, the trial court found that plaintiff was guilty of contributory negligence as a matter of law because she had "a duty of ordinary care for her own protection to inform the officer of her bad back." Failing to object to the officer's request, plaintiff's compliance in pushing the car "must be viewed as voluntary." Officer Czerny and the City's motion for summary judgment was therefore granted. On the same basis the trial court granted summary judgment in favor of defendants Aken and Heffner.

## I.

In reviewing an order for summary judgment we must consider the pleadings, depositions, and admissions on file, together with the affidavits, if any, submitted by the parties to determine whether a genuine issue as to any material fact remained outstanding; if not, then we must decide whether the moving party was entitled to a judgment as a matter of law. (Ill. Rev. Stat. 1979, ch. 110, par. 57(3); *Glen Ellyn Savings & Loan Association v. State Bank* (1978), 65 Ill. App. 3d 916, 382 N.E.2d 1267.) However, even if the facts are undisputed, where reasonable minds might draw different inferences therefrom summary judgment is improper. *Kolakowski v. Voris* (1979), 76 Ill. App. 3d 453, 395 N.E.2d 6; *Wallace v. Smith* (1979), 75 Ill. App. 3d 739, 394 N.E.2d 665.

A plaintiff is contributorily negligent when she acts without that degree of care which a reasonably prudent person would have used for her own safety under like circumstances (*Reid v. Employers Mutual Liability Insurance Co.* (1973), 14 Ill. App. 3d 174, 302 N.E.2d 108), and which action is the proximate cause of her injury. (*Chaplin v. Geiser* (1979), 79 Ill. App. 3d 435, 398 N.E.2d 628.) Ordinarily, the question of contributory negligence is one of fact for the jury unless it is established from the undisputed facts that all reasonable minds, in the exercise of fair and earnest judgment, would conclude that the plaintiff was contributorily negligent. *Doris v. Bradley* (1979), 76 Ill. App. 3d 890, 395 N.E.2d 636; *Armagast v. Medici Gallery & Coffee House, Inc.* (1977), 47 Ill. App. 3d 892, 365 N.E.2d 446.

After reviewing the record, we cannot say that reasonable minds would not differ as to the inferences to be drawn from the facts in this case. The only evidence presented on the question of plaintiff's prior back injury was in her deposition wherein she testified that she had fully recovered and had not seen a doctor for the problem since 1969. There was no evidence that the injury, sustained seven years previously, had in any manner continued to inhibit her activity. On the basis of this evidence, we think it as reasonable to infer that a prudent person under these circumstances would not have told the defendants about her prior injury, as to infer that she would have. We therefore believe that this question should properly have been given to the jury; the purpose of summary judgment is not to try an issue of fact but to determine whether a question of fact exists. *Shockley v. Ryder Truck Rental, Inc.* (1979), 74 Ill. App. 3d 89, 392 N.E.2d 675.

Even if plaintiff was not, as a matter of law, guilty of contributory negligence for failing to inform defendants of her prior injury, defendants contend that she was nonetheless contributorily negligent by proceeding to push the car despite the ordinary danger of injury from falling, the risk of which was as foreseeable to her as it was to them. If, defendants ask,

they are found negligent for exposing plaintiff to this risk, should not plaintiff be found contributorily negligent for proceeding with full knowledge of the same risk?

Moran does not deny that she appreciated the risks of pushing a car from a snowbank in the middle of the night. Rather, she defends her conduct as reasonable under circumstances where she first urged Officer Czerny to call a tow truck and, upon his refusal to do so, only then acceded to his order, "We'll push. You push here." Thus, the parties suggest that the question is whether, as a matter of law, plaintiff was justified in regarding Czerny's words as a "legally constraining" order.

We are aware of no case which has considered the voluntariness of a person's conduct when she acts at the direction of a police officer. Counsel have, however, cited cases which discuss this issue in the somewhat analogous context of master and servant.

In *Fore v. Vermeer Mfg. Co.* (1972), 7 Ill. App. 3d 346, 287 N.E.2d 526, an experienced operator of a trenching machine sued the manufacturer for injuries he sustained when the engine stalled and brakes failed to stop the machine which was being operated on a steep incline. The operator had experienced numerous problems with the machine in the past and had complained many times to his employer about the brakes, characterizing the machine as "dangerous and unsafe." Nevertheless, he denied that he was contributorily negligent or that he had assumed the risk by continuing to use the machine because he had been directed to do so by his employer and feared that to refuse would place his job in jeopardy. The court, in granting defendant's motion for summary judgment, rejected plaintiff's argument:

> "The mere fact that an employee exposed himself to an abnormal risk because he feared that if he did not do this he would lose his position is not considered evidence of legal constraint, and does not make his exposure to the risk involuntary. 65A C.J.S. Negligence §174(a) note 67.5" (7 Ill. App. 3d 346, 349, 287 N.E.2d 526, 528.)

*Cf. Cantu v. Utility Dynamics Corp.* (1979), 70 Ill. App. 3d 260, 387 N.E. 990 (person may have duty to refuse to follow instructions if he knows that serious injury or death may result if he complies).

A different result, however, was obtained in *Pasko v. Commonwealth Edison Co.* (1973), 14 Ill. App. 3d 481, 302 N.E.2d 642. There, plaintiff sought damages for injuries he sustained from a cave-in of an excavation while installing electrical poles for his employer in accordance with its contract with defendant. Although he knew of the possibility of a cave-in, plaintiff complied with the order of his foreman to climb into a hole and shovel out some dirt. Plaintiff had previously entered and extricated himself from the hole without mishap. In answer to a special inter-

rogatory, the jury found plaintiff not guilty of contributory negligence. Affirming the verdict, the appellate court commented:

"A master and a servant are not on altogether equal footing. When a servant acts in compliance with a command of his superior, and the servant knows that the performance of the act is attended by some degree of danger, he is not required to balance that degree against his duty of obedience and then decide with absolute certainty whether he must do the act or refrain from doing it. His knowledge of the attendant danger will not defeat his recovery if in obeying the command he acts with that degree of care that a reasonable man would exercise in like circumstances. *Chicago Anderson Pressed Brick Co. v. Sobkowiak*, 148 Ill. 573.

❊ ❊ ❊

Whether a servant acted recklessly in obeying his master's orders, or whether he acted as an ordinary reasonable man should have acted is a question for the jury. *Illinois Steel Co. v. Schymanowski*, 162 Ill. 447." 14 Ill. App. 3d 481, 490-91, 302 N.E.2d 642, 650.

Viewed together, these cases suggest that an employee's obligation of obedience to his employer is a factor which may usually be considered in weighing the reasonableness of his conduct; and, except where the attendant risks are extreme, the question of an employee's negligence in proceeding to act in the face of unsafe conditions at the behest of his employer should ordinarily be left to the jury.

■■ Turning to the case before us, it cannot be gainsaid that an ordinary citizen and a police officer, even more than an employee and employer, are "not on altogether equal footing." While a person of ordinary prudence under the circumstances here would probably have refused to follow the orders of another who was not cloaked in the authority of the law, the fact that defendant Czerny was a policeman is of more than passing significance. Citizens are expected, in the usual case, to follow the directions of policemen. Even if Czerny's words were not, in some strict sense, "legally constraining," we do not think, in view of the moderate risks involved, that plaintiff's obedience after initially protesting was unreasonable as a matter of law. See also *Jacobsma v. Goldberg's Fashion Forum* (1973), 14 Ill. App. 3d 710, 303 N.E.2d 226.

## II.

As an alternative ground for affirmance, defendants contend that Officer Czerny owed no duty to the plaintiff because, in directing plaintiff to push the car, defendant "could not be held to have reasonably foreseen that this simple and, in the prevailing weather conditions in this area, common request was likely to result in injury to the plaintiff."

■■ For a duty to arise, the occurrence of injury must have been reasonably foreseeable, *i.e.*, more than a mere possibility. (*Cunis v. Brennan* (1974), 56 Ill. 2d 372, 308 N.E.2d 617.) Moreover, our supreme court has held that certain accidents may occur in such a "bizarre" manner that no duty to guard against them will be imposed upon a defendant. *Cunis*, 56 Ill. 2d 372, 377, 308 N.E.2d 617, 620.

Nevertheless, we do not think this is such a case. It is certainly not bizarre, nor is it unreasonable to foresee that a person will fall and sustain injury while pushing a car from a snowbank in the middle of the night, particularly when the defendant, a policeman, had tried unsuccessfully to move it himself. Furthermore, it is not necessary that the precise nature of the injury suffered—here the aggravation of a prior back injury—have been foreseen at the time the defendant acted. *Neering v. Illinois Central R.R. Co.* (1943), 383 Ill. 366, 50 N.E.2d 497; *Laflin v. Estate of Mills* (1977), 53 Ill. App. 3d 29, 368 N.E.2d 522; 65 C.J.S. *Negligence* §5(7) (1966).

Defendants argue that to impose a duty of care upon a policeman in these circumstances would "result in a lessening of the government's ability to render assistance to the public" for fear of the liability that might attach. Before we impose such a duty, not only the factor of foreseeability, but also public policy and the magnitude of the burden of guarding against this type of injury must therefore be weighed. *Mieher v. Brown* (1973), 54 Ill. 2d 539, 301 N.E.2d 307; *Lance v. Senior* (1967), 36 Ill. 2d 516, 224 N.E.2d 231.

However, having first raised public policy, defendants fail to pursue the issue with any particularity. Instead, they broadly characterize the question as whether a policeman "faced with a public situation requiring his attention may request assistance from a nearby citizen, where the assistance requested is not such that could reasonably be expected to result in injury." This, of course, only begs the question. As we said earlier, reasonable minds may well differ as to whether Officer Czerny's words were in the nature of a request or a demand, and whether pushing a car under the circumstances here could reasonably be expected to result in injury. Furthermore, the so-called "public situation" occurred entirely on plaintiff's private property and off the public thoroughfare. There was no emergency, and there was no danger posed to life or property in leaving the car where it came to rest.

■■ Defendants have not challenged the long-standing rule that a policeman is liable for personal injury or damage caused by his negligence (*City of Chicago v. Williams* (1899), 182 Ill. 135, 55 N.E. 123; *Brooks v. Lundeen* (1977), 49 Ill. App. 3d 1, 364 N.E.2d 423), or that a city is liable for the tortious acts of its police officers acting in the scope of their employment. (*Andrews v. City of Chicago* (1967), 37 Ill. 2d 309, 226 N.E.2d 597;

*Molitor v. Kaneland Community Unit District* (1959), 18 Ill. 2d 11, 163 N.E.2d 89; *Gardner v. Village of Chicago Ridge* (1966), 71 Ill. App. 2d 373, 219 N.E.2d 147.) We are unpersuaded that public policy would be furthered by fashioning a rule which altogether eliminates a policeman's duty of reasonable care under the circumstances presented in this case. We do not think it will add to the burden of policemen in protecting and serving the public. Rather, we think the question is whether that duty was breached here, which question is for the jury.

Accordingly, the judgments of the trial court in favor of defendants are reversed, and this case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

SEIDENFELD, P. J., and NASH, J., concur.