NATIONAL BANK OF BLOOMINGTON, Adm'r of the Estate of John Homan, Deceased, Plaintiff-Appellant, v. THE CITY OF LEXINGTON, Defendant-Appellee (Charles Lowery, Defendant).

Fourth District   No. 4—85—0337

Opinion filed December 4, 1985.—Rehearing denied January 9, 1986.

Jerome Mirza & Associates, Ltd., of Bloomington, for appellant.

James T. Foley, of Livingston, Barger, Brandt & Schroeder, of Bloomington, for appellee.

JUSTICE TRAPP delivered the opinion of the court:

Plaintiff appeals from the order of the circuit court granting summary judgment to the defendant, city of Lexington, in an action for the wrongful death of John Homan. The trial court entered a finding pursuant to Supreme Court Rule 304(a) (103 Ill. 2d R. 304(a)). The action pends in the trial court as to another defendant.

The cause of action upon appeal alleges that the city was engaged in an "intrinsically" dangerous or ultrahazardous activity when it procured an independent contractor, Charles Lowery, to take down a tree situated on city property. A second count against the city alleging liability under a theory of *respondeat superior* was dismissed by plaintiff.

Initially, the city challenged this count of the complaint by a motion to dismiss on the ground that under the circumstances the felling of the tree was not an ultrahazardous activity. The trial court denied the motion, and its order made a finding that the cutting of the tree constituted an ultrahazardous activity.

Subsequently the city moved for summary judgment by alleging that the decedent's activities just prior to his death amounted to par-

ticipation in an ultrahazardous activity and that plaintiff was barred from recovery on the basis of such participation. No authority was cited in support of the motion. The trial court granted the motion for summary judgment upon the authority of a pending circuit court case in McLean County. The order granting summary judgment included the following findings:

"1. That plaintiff's decedent was at the scene of the incident to get the wood from the tree being cut down and just prior to his being struck by the falling tree he was voluntarily assisting defendant Lowery in the tree felling and removal operation.

2. That absolute liability by means of the inherently dangerous doctrine has not been applied by the Illinois case law to a volunteer participating in an ultrahazardous activity who was doing so for his own independent benefit and purpose. See *Kroutil et al. v. Wisegarber et al.*, McLean County case number 83—L—117."

The city filed a motion for reconsideration of the order but that motion was denied. No cross-appeal has been filed.

Depositions filed with the motion for summary judgment disclose that Charles Lowery entered into a contract with the city to cut down several trees and to trim some 40 trees. Lowery had performed such services for the city over the course of 12 years and had been engaged in the cutting of trees for 31 years. In general terms, a city employee would instruct Lowery when trees needed to be trimmed or taken down, but the city would have no further association with the work until completed by Lowery.

The tree concerned had been topped two days before the injury to Homan, leaving a trunk about 26 feet tall. Homan had observed the work and obtained permission to take wood which had been cut for his personal use. On the day of the injury Homan came to the tree site with Michael Cotter to obtain more wood. This meeting was not prearranged, but Homan came when he saw that work was being done. Lowery's two children, Michael and Dorothy, were assisting him.

When the notching of the tree was completed, a rope was tied to the trunk to control the direction of the fall. The street had been blocked off. The rope was affixed to Lowery's car to pull the trunk over, but Homan offered his truck, and it was used to pull or control the trunk. Upon the event, only part of the trunk split and fell and one-half remained standing. As Lowery cut the fallen portion into sections Homan and Cotter removed them for firewood.

At that point, Lowery told Homan to stand back while he went to

the tree to cut the base of the standing trunk with his chain saw. At this time he did not observe either Homan or Cotter, but next saw them when the tree was falling toward Homan. Lowery testified that the last time he warned them Homan and Cotter were standing in the street.

Lowery's daughter, Dorothy, testified that as her father was sawing the tree trunk Homan and Cotter were picking up firewood. She testified that on two occasions she called to Homan to move back but that he continued picking up firewood until the tree trunk began to fall. Cotter testified that within the last minute prior to the sawing of the tree he and Homan were throwing logs from the street onto the yard.

Plaintiff argues that the trial court erred in holding that recovery was barred solely because decedent was "participating" in the allegedly ultrahazardous activity. From the depositions in evidence, it is clear that the decedent had no employment by the city or by its independent contractor in the removal of the tree. He was not a volunteer in the sense that his objective was to assist in the work to be done. His sole purpose was to acquire all of the firewood that he could, and any benefit to the defendant or its independent contractor was simply coincidental to that personal objective.

Section 2—1005(c) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1005(c)) authorizes the granting of summary judgment if the matters of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

In ruling upon a motion for summary judgment the trial court must consider the pleadings and evidentiary matter of record in the light most favorable to the nonmoving party and accept as true the reasonable inferences from such facts which favor that latter party. *Mount Prospect State Bank v. Forestry Recycling Sawmill* (1980), 93 Ill. App. 3d 448, 417 N.E.2d 621.

■ The body of case authority discloses that upon appellate review the propriety of granting summary judgment is measured in two ways. If the material evidentiary facts presented to the trial court are disputed or conflicting it is improper to grant summary judgment. In a second aspect, in instances where the facts are undisputed, if reasonable minds might draw different reasonable inferences from such facts the trial court must deny summary judgment and direct that the resolution of the inferences be made by trial. (*Plastics & Equipment Sales Co. v. DeSoto, Inc.* (1980), 91 Ill. App. 3d 1011, 415 N.E.2d 492; *Moran v. Aken* (1981), 93 Ill. App. 3d 774, 417 N.E.2d 846.) Here,

there exists some factual dispute as to where decedent was after the warning to stand away from the tree trunk and as to what he was doing after such warning and before he was struck. In such context we find that issues of fact exist.

■ Again, the trial court found that decedent was "participating" in taking down the tree. The trial court has not defined that term as a legal concept or otherwise. We deem the court's conclusion that decedent was "participating" to be an inference drawn by the trial court from the facts presented in record. Our review of the same record discloses that other reasonable inferences may also be drawn from such facts.

In the light of this analysis we conclude that the trial court erred in granting summary judgment to the city. *Smothers v. Butler* (1979), 78 Ill. App. 3d 1018, 398 N.E.2d 12; *Moran v. Aken* (1981), 93 Ill. App. 3d 774, 417 N.E.2d 846.

In its brief the city urges that we determine that the trial court erred in holding that under the facts before the court the cutting of the tree trunk was an ultrahazardous activity and that this court considers such error as "additional grounds" for affirming the judgment. The city's brief argues that it had filed a motion seeking reconsideration of that finding by the trial court and that the denial of reconsideration in effect imposed absolute liability. The city did not, however, file a cross-appeal seeking review of such issue as is provided in Supreme Court Rule 303(a)(3) (103 Ill. 2d R. 303(a)(3)).

■ The rule is uniformly interpreted by our reviewing courts to require that in the absence of a cross-appeal, the reviewing court is not authorized to examine or modify a portion of the order of the trial court. (*De Phillips v. Mortgage Associates, Inc.* (1972), 8 Ill. App. 3d 759, 291 N.E.2d 329.) In such circumstances the reviewing court is confined to the errors raised by the appellant. *National Football League Properties, Inc. v. Dallas Cap & Emblem Manufacturing, Inc.* (1975), 26 Ill. App. 3d 820, 327 N.E.2d 247.

The judgment of the trial court is reversed and the case is remanded for further proceedings not inconsistent with the views expressed.

Reversed and remanded with directions.

MORTHLAND, J., concurs.

PRESIDING JUSTICE McCULLOUGH, dissenting:
I respectfully disagree with the majority and would affirm the

trial court.

The city in its motion for summary judgment alleges that the decedent's activities just prior to his death amounted to participation in an ultrahazardous activity and that the plaintiff was barred from recovery on the basis of such participation. First, it should be pointed out that in the present posture this case does not reach the question of whether the cutting of the tree was, in itself, an ultrahazardous activity. The city of Lexington has waived this issue by failing to file a notice of cross-appeal from the order denying its motion to dismiss in conformity with Supreme Court Rule 303(a)(3) (103 Ill. 2d R. 303(a)(3)).

The question presented by this appeal is whether the same duty of persons who authorize ultrahazardous activity which previous decisions have held extends to spectators and owners of nearby property also extends to one who, though not an employee, is present at the site of the activity for his or her own pecuniary benefit.

As indicated in the majority opinion, no authority was cited in support of the motion. Illinois Pattern Jury Instruction, Civil, No. 115.01 (2d ed. 1971) ("Ultrahazardous Activities—Absolute Liability"), as applicable to this case, states:

> "When a person carries on an ultrahazardous activity such as _____, he is liable for any injury proxi-
> (e.g. blasting)
> mately caused by that activity regardless of the amount of care used except to one who knows, or by the exercise of ordinary care should know of the dangers involved and voluntarily participates in the activity."

One who authorizes the performance of an ultrahazardous activity by an independent contractor is responsible for injuries received by spectators to the activity as a result of the performance of the activity. *Clark v. City of Chicago* (1980), 88 Ill. App. 3d 760, 763-64, 410 N.E.2d 1025, 1028-29.

The record shows that the decedent did voluntarily participate in the activity and in fact received a pecuniary benefit therefrom. The pecuniary benefit was the receipt of firewood. It is clear that the decedent was helping the contractor for his (the decedent's) own benefit in order to get the firewood and in fact used his truck in part of the tree felling operation. The granting of summary judgment was correct.