AMERICAN STATES INSURANCE COMPANY, as Subrogee, *et al.*, Plaintiffs-Appellants, v. KELLY WHITSITT, Defendant-Appellee.—ROCHELLE KOEPP, Plaintiff-Appellant, v. KELLY WHITSITT, Defendant-Appellee.

Fourth District   No. 4—89—0538

Opinion filed January 18, 1990.

Thomas Mark Schmidt, of Livingstone, Mueller, O'Brien & Davlin, P.C., of Springfield, for appellant American States Insurance Company.

Saul J. Morse, Thomas R. Appleton, and Barbara B. Collins, all of Morse, Giganti & Appleton, of Springfield, for appellant Rochelle Koepp.

Randall A. Mead and David L. Drake, both of Drake, Narup & Mead, P.C., of Springfield, for appellee.

JUSTICE LUND delivered the opinion of the court:

American States Insurance Company (hereinafter American) filed a complaint against defendant Kelly Whitsitt alleging that defendant was liable to it for fire damage under theories of negligence and *res ipsa loquitur*. Rochelle Koepp (hereinafter Koepp) also filed a complaint against defendant arising out of the same event and alleging similar theories of recovery. The cases were ordered consolidated by the circuit court of Sangamon County. On June 23, 1989, the court entered an order granting defendant's motions for summary judgment. American and Koepp appeal this determination.

On February 12, 1985, a fire destroyed four adjoining apartments located on Concord Street in Springfield. The fire was subsequently determined to have started in the utility room in the basement of defendant's apartment.

American, as subrogee of various individuals, filed a complaint against defendant. The complaint contains four counts now involved in this appeal. These counts involved two counts sounding in negligence and two based on a *res ipsa loquitur* theory. Koepp, a resident in one of the apartments, also filed a complaint against defendant based on the same theories.

On March 14, 1989, defendant filed a motion for summary judgment as to each complaint. The motion stated, with respect to the negligence counts, the complaint alleged defendant placed combustibles between the furnace and water heater or on the water heater; American's expert says the fire started on those combustibles; defendant denies placing any combustibles there; and there is no evidence defendant put any combustibles there. In regard to the *res ipsa loquitur* counts, the motion alleges that defendant was not in exclusive control of the room where the fire started.

Defendant attached three documents to these motions. The first was the answer to interrogatories by American and Koepp, which establishes that no one has information that defendant placed the combustibles in the utility room. The second was an affidavit of defendant in which he denied storing combustible materials between the furnace and water heater or on the water heater and in which he asserted that the landlord's employees also had access to the utility room. The third

item was a deposition of James Schuhmacher, an expert fire investigator retained by American.

Schuhmacher's deposition establishes that he has been employed as a fire investigator since 1982. On February 14, 1985, he and another investigator were employed by Pyratech and were sent to investigate the instant fire. It was his opinion the fire started in defendant's utility room between the water heater and furnace. He based much of this opinion on the fact the chief fire investigator of the fire department, Paul Nevitt, told him that apparently someone had placed a wooden table at that location and there were ordinary combustibles piled on the table. His opinion was also based in part on the burn patterns. He could not state whether the ignition of the combustibles came from the furnace or the water heater. Since the scene was already being processed by the fire department when he arrived, he had no idea what type of combustibles were lying on the table, whether the combustibles were lying on the floor by the furnace, or whether the table was tipped over. He acknowledged that he would not disagree with the opinion of the fire department that the fire started atop the water heater, since the department investigated the fire scene.

American responded by asserting in its response that a material issue of fact does exist. The deposition of Nevitt, fire investigator with the Springfield fire department, was attached.

This deposition established that Nevitt has been in fire investigations for nine years. He arrived at the scene of the fire around 3 a.m. When the fire was put out, the basement had water eight feet deep in it which had to be pumped out. The next day he was able to investigate the scene. The table between the furnace and water heater was metal. Investigation by other experts established that the fire was not of an electrical origin, nor was it due to a malfunction of the furnace. At the time of the investigation there was a lot of debris on the water heater and table which might have floated in the water and settled there. It was his opinion that the fire started on the top of the water heater and did not originate on the table. He believes some combustible material was on top near the vent pipe and ignited. The material could have been hanging over the side and, as it burned, it could have fallen on the table, catching fire to the material on it. He did not ask defendant how this material came to be placed there.

On June 23, 1989, the court entered an order, without any specific findings, granting defendant's motions. American and Koepp now appeal. We reverse.

■ Section 2—1005 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005) provides that a party may be granted a

summary judgment "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In ruling upon such a motion, the trial court must consider the pleadings and evidentiary matters in the record in the light most favorable to the nonmoving party and accept as true the reasonable inferences from such facts which favor the non-movant. *National Bank v. City of Lexington* (1985), 138 Ill. App. 3d 805, 808, 486 N.E.2d 967, 969.

■■ Summary judgment procedure is not a modified trial procedure. (*Manahan v. Daily News-Tribune* (1977), 50 Ill. App. 3d 9, 12, 365 N.E.2d 1045, 1047.) It is improper to grant a motion for summary judgment where the material evidentiary facts are in dispute or where, when the facts are undisputed, reasonable minds might draw different reasonable inferences from such facts. (*National Bank*, 138 Ill. App. 3d at 808, 486 N.E.2d at 969.) Because summary judgment is such a drastic method of disposing of a case, it should not be employed unless the right of the moving party to such a judgment is free from doubt. *Murphy v. Urso* (1981), 88 Ill. 2d 444, 464, 430 N.E.2d 1079, 1088.

Each plaintiff asserted counts which alleged the fire was caused from defendant's specific negligent acts. It was alleged that these acts were: (1) defendant placed a wooden table between the water heater and the furnace; (2) defendant placed combustible matter between the furnace and the water heater; (3) defendant placed combustible materials on the water heater; and (4) defendant failed to keep the area surrounding the furnace and water heater clear of rubbish and combustible matters.

Plaintiffs concede that they have no eyewitness or other direct evidence that defendant committed these negligent acts. However, they contend that their case can be made by circumstantial evidence. They note that where there is no eyewitness, a party has the right to prove his allegations by circumstantial evidence, which consists of proof of facts and circumstances from which the jury may infer other connected facts, reasonably following from the proven facts and circumstances. See *Sandburg-Schiller v. Rosello* (1983), 119 Ill. App. 3d 318, 335, 456 N.E.2d 192, 204.

■■ Defendant argues that plaintiffs failed to present any evidence that he committed any negligent acts. He maintains that the expert's opinions concerning the origin of the fire do not establish that he committed any negligent acts. He attempts to rely on statements of his roommate and housekeeper for further support. However, these statements were not depositions or affidavits, but were statements given to

American's agent and made part of the record as the answer to discovery. Accordingly, these statements are inadmissible for summary judgment purposes. See *Cincinnati Insurance Co. v. Argubright* (1986), 151 Ill. App. 3d 324, 329, 502 N.E.2d 868, 871.

*Sandburg-Schiller* involves a fact situation somewhat analogous to this case. There the appellate court affirmed a judgment against defendant based on a negligence theory. Defendant denied starting the fire, and there were no eyewitnesses. In affirming, the court stated:

> "In our opinion, the facts and circumstances in the instant case constitute a reasonable basis for the jury's conclusion that defendant was responsible for the fire. The fire originated in defendant's apartment; defendant lived alone; he had the only key; and he was the only person in the apartment from at least the early evening hours of December 10, 1974, to the time of the fire. The electrical system, heating system, range and refrigerator were eliminated by experts as probable causes of the fire. Three experts testified that in their opinion the cause and origin of the fire was careless use of smoking materials on the sofa in the living-dining area." *Sandburg-Schiller*, 119 Ill. App. 3d at 335-36, 456 N.E.2d at 205.

■ In the present case, the expert opinions establish the fire started in defendant's utility room. They also agree that this fire started due to the presence of combustible materials in the vicinity of the furnace and water heater. This creates an inference that defendant placed it there. Defendant did deny doing this. However, this case then boils down to a matter of credibility. A trier of fact is not required to accept defendant's statement and, based on these limited facts before us, could reasonably find for plaintiffs. Accordingly, it is evident that defendant's right to summary judgment as to the negligence counts is not free from doubt and the court's decision is erroneous.

■ To succeed on a *res ipsa loquitur* count, a plaintiff must show the injury: (1) is the kind which ordinarily does not occur in the absence of negligent acts; (2) was caused by agency or instrumentality within the exclusive control of the defendant; and (3) was not due to any voluntary act or neglect on the part of plaintiff. (*Spidle v. Steward* (1980), 79 Ill. 2d 1, 5, 402 N.E. 2d 216, 218; *Stringer v. Zacheis* (1982), 105 Ill. App. 3d 521, 525, 434 N.E. 2d 50, 53.) Here, both plaintiffs alleged that while defendant had exclusive control of his apartment, he, by his aforementioned negligent acts, caused a fire to occur in his apartment.

Initially, the parties renew their earlier arguments concerning evidence of the acts of negligence. However, as previously noted, there is

a sufficient question concerning the presence of any negligent acts to defeat a summary judgment motion.

Defendant also maintains that plaintiffs did not establish he was in exclusive control of his apartment since he asserted in his affidavit that the landlord's employees also had access to the utility room.

■■ The courts have interchangeably used the phrases "exclusive control" and "management and control" in dealing with this doctrine. (*Lynch v. Precision Machine Shop, Ltd.* (1982), 93 Ill. 2d 266, 272-73, 443 N.E.2d 569, 572.) This is a flexible standard. (*Lynch*, 93 Ill. 2d at 274, 443 N.E. 2d at 573.) The amount of control necessary for the doctrine is that which is necessary to support an inference that the defendant was negligent. *Lynch*, 93 Ill. 2d at 274, 443 N.E. 2d at 573.

In *Dyback v. Weber* (1986), 114 Ill. 2d 232, 242, 500 N.E.2d 8, 12, the supreme court, addressing the amount of proof necessary to invoke the doctrine, stated:

> "A plaintiff need not conclusively prove all the elements of *res ipsa loquitur* in order to invoke the doctrine. He need only present evidence reasonably showing that elements exist that allow an inference that the occurrence is one that ordinarily does not occur without negligence. [Citations.] The inference that there was negligence does not disappear if the defendant simply presents direct evidence to the contrary, but the defendant's evidence will be considered with all of the other evidence in the case."

■■ In the case at bar, plaintiffs, by their pleadings, establish defendant rented the apartment in question. This is sufficient to support an inference that defendant was in exclusive control. Defendant states others had access. However, this only creates a fact question on this point and is not sufficient to resolve this question for summary judgment purposes.

Finally, Koepp asserts the court erred in granting defendant's motion for partial summary judgment concerning her request for damages for the sentimental value of the personal property relating to her deceased son. However, a review of the order and the docket sheet establishes the trial court never ruled on this question. Therefore, it would be improper for us to address it.

Reversed and remanded.

SPITZ and STEIGMANN, JJ., concur.