JUDY L. MOORE *et al.*, Plaintiffs-Appellants, v. KICKAPOO FIRE PROTECTION DISTRICT *et al.*, Defendants-Appellees.

Fourth District   No. 4—90—0476

Opinion filed March 14, 1991.

Michael D. Clary, of Danville, for appellants.

John B. Jenkins, of Gunn & Hickman, P.C., of Danville, for appellee Kickapoo Fire Protection District.

Vincent C. Cipolla, of Kurnik, Cipolla, Stephenson & Barasha, Ltd., of Arlington Heights, for appellee Vermilion County Clerk.

PRESIDING JUSTICE LUND delivered the opinion of the court:
Plaintiff Judy L. Moore (Judy) voted on November 4, 1986, at a Vermilion County polling place located in the fire station of defendant

Kickapoo Fire Protection District (District). After voting, she stepped into an area behind the election judges' table, for purposes of communicating with one of the judges, who had gone into an adjoining kitchen. The path behind the judges' table and chairs was the entryway to the kitchen area, and was not generally available to the public. Folding chairs had been stacked against the wall behind where the election judges were sitting, and they were readily visible and observed by Judy. Judy's foot made contact with the stacked chairs as she walked in the path between the judges' chairs and the folding chairs. She fell, sustaining a knee injury.

Judy and her husband, plaintiff Robert Moore, brought this action against the District and the Vermilion County Clerk Robert Fox. Based upon defendants' motion, the trial judge granted summary judgment in favor of defendants on all counts, stating the stacks of folding chairs "did not constitute a dangerous condition and were known and obvious to [Judy]." Plaintiffs appeal from the judgment of the circuit court of Vermilion County, and their counsel argues that our supreme court has abolished the obvious-risk rule by its decision in *Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 554 N.E.2d 223.

■■ ■ Section 2—1005(c) of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c)) provides that a party may be granted summary judgment "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." In ruling upon such a motion, the trial court must consider the pleadings and evidentiary matters in the record in the light most favorable to the nonmoving party and accept as true the reasonable inferences from such facts which favor the nonmovant. (*National Bank v. City of Lexington* (1985), 138 Ill. App. 3d 805, 808, 486 N.E.2d 967, 969.) On review, this court must determine whether the case contains a genuine issue of fact sufficiently material to require the reversal of the trial court's order granting summary judgment. *Casteel v. Smith* (1982), 109 Ill. App. 3d 1094, 1098-99, 441 N.E.2d 860, 863.

In the present case, the record indicates that the path behind the election judges' chairs was used without incident by the election judges. The chairs stacked against the wall did not fall of their own accord and, as we have said, were readily visible and obvious to those who would be walking in the path.

■■ ■ We need not repeat the careful explanation set forth in the *Ward* opinion. That opinion specifically rejects an obvious-risk rule which would find an owner or occupier free of a duty of reasonable

care *under all circumstances* if the conditions are known or obvious to the entrants. (*Ward,* 136 Ill. 2d at 145, 554 N.E.2d at 229.) Conditions, though seemingly innocuous enough in themselves, may present an unreasonable danger under certain circumstances. (*Ward,* 136 Ill. 2d at 152, 554 N.E.2d at 232.) The possibility that an entrant, even in the general exercise of reasonable care, will be distracted or momentarily forgetful must be considered. (*Ward,* 136 Ill. 2d at 155, 554 N.E.2d at 233-34.) However, in determining whether a duty exists, focus must be on the defendant. A major concern is whether the defendant could reasonably have foreseen injury to plaintiff. (*Ward,* 136 Ill. 2d at 148, 554 N.E.2d at 230.) This is not to say that the defendant must anticipate negligence on the part of the plaintiff. *Ward,* 136 Ill. 2d at 152, 554 N.E.2d at 232.

In sum, we hold *Ward* did not sound the death knell for the rule of known or obvious risk, which also is referred to as the "open and obvious rule." The opinion adopts Restatement (Second) of Torts §343A (1965). (*Ward,* 136 Ill. 2d at 155, 554 N.E.2d at 234.) *Ward* makes clear that the known-and-obvious-risk rule continues to be viable, but is subject to the conditions discussed heretofore in this opinion and more thoroughly detailed in the *Ward* opinion. *Ward,* 136 Ill. 2d at 149, 554 N.E.2d at 231.

We return now to the present case. Stacks of a few chairs are not in themselves dangerous. The path between the chairs and the election judges was principally for the election judges, and was not for use by the general public. Both the stacks of chairs and the seated election officials were obvious to anyone nearing the pathway. The facts establishing distraction or forgetfulness present in the *Ward* case are not indicated in the present case. The test is whether a defendant could reasonably foresee that a person would enter the pathway, knowing of the chairs and other obstacles, kick the chairs with his or her foot, and fall over the chairs. We consider a finding that Judy's injury was foreseeable to be too great a burden, and suggest that it would open the door to claims from too many careless accidents that take place in regular business and household environments. Those who enter into an area free of foreseeable distractions with knowledge of existing obstructions must be responsible for their own conduct, and must proceed at their own risk. The trial court's judgment must be affirmed.

Affirmed.

GREEN and STEIGMANN, JJ., concur.