THE CHAMPAIGN NATIONAL BANK, Plaintiff and Counterdefendant-Appellee, v. LANDERS SEED COMPANY, INC., *et al.*, Defendants and Counterplaintiffs-Appellants (Charles Landers *et al.*, Defendants-Counterplaintiffs).—THE CHAMPAIGN NATIONAL BANK, Plaintiff and Counterdefendant-Appellee, v. LANDERS SEED COMPANY, INC., *et al.*, Defendants and Counterplaintiffs-Appellants.

Fourth District   Nos. 4—89—0464, 4—90—0023 cons.

Opinion filed March 15, 1990.—Rehearing denied April 5, 1990.

Law Offices of John H. Bisbee, of Macomb (John H. Bisbee, of counsel), for appellants.

James W. Evans, Ltd., and Evans & Froelich, both of Champaign, for appellee.

JUSTICE LUND delivered the opinion of the court:

The genesis of this dispute was the entering of a loan agreement between the Champaign National Bank (hereinafter Bank) and Landers Seed Co., Inc. (hereinafter Landers). As part of the agreement, four individuals had to sign as personal guarantors of the loan. They were: Charles and Lorelyn Landers and Charles' parents, Glen and Maxine Landers. (For the sake of clarity, the individuals will henceforth be, at times, referred to by first names.)

On January 16, 1984, the Bank filed its complaint on the promissory note in the circuit court of Moultrie County. The case against Landers was severed from that against the guarantors. After a jury trial, judgment was entered for the Bank on the note in the amount of $724,637.77. Judgment was also entered for Landers for breach of an oral contract in the amount of $60,833.31. Both parties appealed.

This court in *Champaign National Bank v. Landers Seed Co.* (1988), 165 Ill. App. 3d 1090, 519 N.E.2d 957, *cert. denied* (1989), 489 U.S. 1019, 103 L. Ed. 2d 199, 109 S. Ct. 1138 (*Landers I*), reversed the judgment for Landers and affirmed that for the Bank. This court's mandate issued on November 30, 1988.

The Bank then proceeded against Charles, Lorelyn, Glen, and Maxine. It filed motions for summary judgment in December 1988. Glen, Maxine, and Charles filed motions seeking permission to file additional affirmative defenses, which were denied. On February 21, 1989, Landers filed, pursuant to section 2—1401 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401), a petition which asserted this court's decision in *Landers I* was void as being beyond the scope of our authority, and requested the trial court to refuse to give any effect to the decision. On May 5, 1989, the circuit court entered orders denying Landers' petition and granting the Bank judgments against Charles, Lorelyn, Glen, and Maxine. Lorelyn did not appeal. Landers now appeals the denial of its section 2—1401 petition. Charles, Glen, and Maxine (defendants) appeal the denial of their request to file additional affirmative defenses and the granting of the Bank's summary judgment motions.

A

We first address the question of whether our decision in *Landers I* was void. The facts relating to the merits of the dispute on the note are set forth in *Landers I*.

In that appeal, the Bank, in its cross-appeal, alleged (1) the trial court erred by allowing evidence in violation of the parol evidence rule; (2) the evidence presented was legally insufficient to establish

that the Bank's breach of the asserted oral contract caused the failure of Landers; and (3) there were errors with the instructions. At oral argument before our court in *Landers I*, counsel for the Bank appeared to have admitted sufficient facts were present at trial to justify the jury finding an oral contract existed. The Bank's counsel attacked the jury verdict, contending that admission of the evidence relating to an oral contract was a violation of the parol evidence rule. He argued that none of the evidence was admissible to reform a written contract, and that the written contracts were the various debt instruments.

In *Landers I*, this court, admitting so in the opinion, decided the case on grounds not argued on appeal by the Bank or Landers. This court determined that the facts presented by Landers failed to establish the existence of a valid oral contract. This holding is consistent with this court's decision in *McClellan v. Banc Midwest* (1987), 164 Ill. App. 3d 304, 517 N.E.2d 762, which was filed approximately one month prior to *Landers I* being filed. This court also determined, as an alternative ground, that the jury's decision that the contract was breached was against the manifest weight of the evidence.

Landers believes this order is void as being an improper exercise by the court and has so maintained in its petition for rehearing, petition for leave to appeal to the Illinois Supreme Court, writ of *certiorari* to the United States Supreme Court and, now, its petition under section 2—1401 in the trial court. Landers advances four reasons for the *Landers I* order being void. These are: (1) since the grounds relied on by this court were not properly preserved by the Bank, this court was without subject-matter jurisdiction to decide the issue; (2) Landers was given no notice concerning the issue and was not given an opportunity to be heard on this issue; (3) the court's procedure violated Landers' due process rights; and (4) this court's decision usurps Landers' right to a jury trial.

In order to have a valid judgment, the court must have both jurisdiction over the subject matter of the litigation and jurisdiction over the parties. (*In re Marriage of Verdung* (1989), 126 Ill. 2d 542, 547, 535 N.E.2d 818, 820; *State Bank v. Thill* (1986), 113 Ill. 2d 294, 308, 497 N.E.2d 1156, 1161.) Landers maintains failure to have subject-matter jurisdiction will result in any order being void.

Landers observes that this court has subject-matter jurisdiction as such, because Supreme Court Rule 301 (107 Ill. 2d R. 301) allows appeal of all final judgments. However, it believes Rule 366(b)(2)(iii) (107 Ill. 2d R. 366(b)(iii)) and section 2—1202 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—1202) provide how that review is to be exer-

cised. Since the Bank did not comply with these provisions, Landers believes this court exceeded its jurisdiction and the decision is void.

Supreme Court Rule 366 sets forth the power of the reviewing court and the scope of permissible review. It provides in part:

> "In all appeals the reviewing court may, in its discretion, and on such terms as it deems just,
>
> * * *
>
> (5) enter any judgment and make any order that ought to have been given or made, and make any other and further orders and grant any relief, including a remandment, a partial reversal, the order of a partial new trial, the entry of a remittitur, or the enforcement of a judgment, that the case may require." 107 Ill. 2d R. 366(a)(5).

The first case to discuss the language of this rule was *Hux v. Raben* (1967), 38 Ill. 2d 223, 230 N.E.2d 831. There, in a situation somewhat analogous to ours, the appellate court was asked to review the propriety of an entry of an order of specific performance. The appellate court, on its own, determined the matter should be reversed because the contract was not sufficiently definite. One party appealed to the supreme court, arguing the appellate court exceeded its authority. The supreme court initially observed that the appellate court briefs raised the issue of the adequacy of the contract. It then observed:

> "A further word is appropriate, however, in view of the sweeping character of the attack on the judgment of the appellate court. The last sentence of Rule 341(e)(7) of the rules of this court (36 Ill. 2d 138), 'Points not argued are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing', states an admonition to the parties, not a limitation upon the jurisdiction of the reviewing court. The distinction clearly appears when that sentence is read in conjunction with Rule 366, which deals with the powers of a reviewing court and the scope of review. Rule 366 provides: '(a) *Powers.* In all appeals the reviewing court may, in its discretion, and on such terms as it deems just *** (5) give any judgment and make any order that ought to have been given or made, ***'. (36 Ill. 2d 159.) A similar thought is expressed in the provision of Rule 615 with respect to the review of criminal cases: 'Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court.' 36 Ill. 2d 182.
>
> These provisions recognize that the responsibility of a reviewing court for a just result and for the maintenance of a

sound and uniform body of precedent may sometimes override the considerations of waiver that stem from the adversary character of our system. [Citations.] There are limitations. '[A]n appellate court should not, and will not, consider different theories or new questions, if proof might have been offered to refute or overcome them had they been presented at the trial.' [Citation.] In exercising the power care should be taken that the litigants are not deprived of an opportunity to present argument. In the case before us the issue was one of law which involved no problem of proof, and the purchasers had an opportunity to file petition for rehearing in the appellate court, but they did not do so." *Hux*, 38 Ill. 2d at 224-25, 230 N.E.2d at 832.

The supreme court has repeatedly relied on the *Hux* analysis. (See *Schutzenhofer v. Granite City Steel Co.* (1982), 93 Ill. 2d 208, 210-11, 443 N.E.2d 563, 564; *People v. Barnard* (1984), 104 Ill. 2d 218, 228-29, 470 N.E.2d 1005, 1008.) In *Barnard*, the court observed that application of Rule 366 is similar to the plain error exception at Rule 615 (107 Ill. 2d R. 615). In *Gatto v. Walgreen Drug Co.* (1975), 61 Ill. 2d 513, 520, 337 N.E.2d 23, 28, the court, citing cases, observed that it had in many instances, pursuant to Rule 366, decided issues that had not been presented to, or decided by, the court which issued the decision that is being reviewed.

This holding has also been applied in numerous appellate court decisions. See, *e.g.*, *Motz v. Central National Bank* (1983), 119 Ill. App. 3d 601, 608-09, 456 N.E.2d 958, 964; *Brown v. Brown* (1978), 62 Ill. App. 3d 328, 332-33, 379 N.E.2d 634, 637; *Siebach v. Pienta* (1978), 60 Ill. App. 3d 645, 647, 377 N.E.2d 393, 395; *City of Wyoming v. Illinois Liquor Control Comm'n* (1977), 48 Ill. App. 3d 404, 407-08, 362 N.E.2d 1080, 1083.

Landers argues *Cockerill v. Wilson* (1972), 51 Ill. 2d 179, 281 N.E.2d 648, distinguishes *Hux*; and that this distinction is equally applicable to *Landers I*. However, in *Cockerill*, the appellate court construed the meaning of a covenant, an issue not argued on appeal; while *Landers I* involved a question of law, whether the facts presented at trial were sufficient to create a contract.

Landers' argument of deprivation of due process by this court in *Landers I* also fails to point out its use of a petition for rehearing. We adopt the reasoning of *Phelps v. O'Malley* (1989), 187 Ill. App. 3d 150, 153-54, 543 N.E.2d 311, 313-14:

"Defendant fails to recognize that he has not been denied an opportunity to address his contentions to this court. This oppor-

tunity is provided to all parties of appeal through a petition for rehearing. Defendant filed a petition for rehearing \*\*\*. \*\*\* It is clear from defendant's petition that he took full advantage of the opportunity to present his contentions to this court. Though defendant did not make the argument made in this appeal that the trial court exceeded its authority, defendant clearly had an opportunity to make this argument and failed to do so. Defendant's arguments in his petition for rehearing were considered and denied. Defendant also took advantage of his right to petition the supreme court, and this was denied. Thus, defendant has had his opportunities."

■ In the present case, the alleged oral agreement supposedly arose from the oral communications and the facts surrounding those communications which took place when the Bank changed from a participating lender to the principal lender. This was at a time when all parties were at least partly aware of Landers' financial problems. During the trial of *Landers I*, over the objection of the Bank based on the parol evidence rule, an exhaustive examination of various parties concerning the new financing took place. This testimony provided the evidence upon which the alleged oral agreement was based. This evidence was considered by our court in determining the decision in *Landers I*. We conclude our decision in *Landers I* was not void and the trial court was correct in denying relief under the section 2—1401 motion.

## B

Next, we address whether the trial court erred in granting summary judgment against Charles, Glen, and Maxine. Judgment was entered against Charles' former wife, Lorelyn, but she is not a party to this appeal. After our mandate issued in *Landers I*, the Bank pursued its original actions against Charles, Lorelyn, Glen, and Maxine. The Bank's actions were based on the loan guarantee executed by the four Landerses.

■ The answer by Charles was one of general denial, together with two affirmative defenses. The affirmative defenses basically stated that Charles could not be held liable until there was a judicial determination that Landers Seed Company was liable and in default. This was determined in *Landers I*. Charles' answer to the Bank's motion for summary judgment was based on the theory that our decision in *Landers I* was void. No contest existed as to factual issues. The trial court correctly gave validity to our decision, and the summary judgment entered against Charles should be affirmed.

Glen and Maxine filed answers with general denials, together with two affirmative defenses and three counterclaims. The affirmative defenses were similar to those of Charles and, because of our holding in *Landers I*, were without merit. The three counterclaims contained allegations of oral contract. The alleged oral contract was the subject of our decision in *Landers I*. Glen and Maxine contended they should be allowed to contest the contract issue because they were not parties to the *Landers I* appeal. They contend neither *res judicata* nor collateral estoppel precludes their litigating the contract issue which we decided in *Landers I*.

However, the defendants miss the thrust of the trial court's decision relating to the Bank's motion for summary judgment. Charles, Glen, and Maxine's answers to the motion for summary judgment do not contest the facts, but attack the *Landers I* appellate decision, contending that it is void. The trial court judgment in the present case appears to be based on regular summary judgment analysis.

■ It is well established that summary judgment should be granted only when the pleadings, depositions, and admissions, together with any affidavits, show there is no genuine issue as to a material fact and that the movant is entitled to judgment as a matter of law. (*Clifford-Jacobs Forging Co. v. Capital Engineering & Manufacturing Co.* (1982), 107 Ill. App. 3d 29, 33, 437 N.E.2d 22, 25.) It is improper to grant such a judgment where the material evidentiary facts are in dispute or where, when the facts are undisputed, reasonable minds might draw different reasonable inferences from such facts. (*National Bank v. City of Lexington* (1985), 138 Ill. App. 3d 805, 808, 486 N.E.2d 967, 969.) Because it is such a drastic method of disposing of a case, summary judgment should not be employed unless the right of the moving party to such judgment is free from doubt. *Murphy v. Urso* (1981), 88 Ill. 2d 444, 464, 430 N.E.2d 1079, 1088.

The Bank's motion for summary judgment sets forth the debt owing the Bank from Landers Seed Company, the guarantee executed by Charles, Lorelyn, Glen, and Maxine, the defendants' affirmative defenses; Glen and Maxine's three counterclaims; and the opinion in *Landers I*, which establishes that the affirmative defenses no longer had merit. The answers to the motion for summary judgment do not contest the facts directly, attacking the validity of the decision in *Landers I* instead.

■ The summary judgment pleadings indicate that there is no issue as to the facts. We have determined, in *Landers I*, that the facts that existed did not, as a matter of law, sustain a finding of an oral agreement. As a result, the trial court had no choice but to grant

summary judgment as to Glen and Maxine's counterclaims.

C

Defendants' final argument is that the court erred in denying the request to file a third affirmative defense. This affirmative defense is based on the claim of fraud in the inducement.

The record shows the appellate court mandate was issued on November 30, 1988. On December 15, a status hearing was held. Glen and Maxine's counsel withdrew and counsel for Landers and Charles also entered his appearance for Glen and Maxine. At that time an order was entered setting a cutoff date for all other pleadings. While the order is unclear as to the exact date for cutoff, all parties acknowledge its existence. Defendants filed their request to file the extra defense on February 17, 1989. All parties agree this was done after the cutoff date.

Section 2—616(a) of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 2—616(a)) provides:

> "At any time before final judgment amendments may be allowed on just and reasonable terms, *** changing the cause of action or defense or adding new causes of action or defenses, and in any matter, either of form or substance *** which may enable *** the defendant to make a defense ***."

Our courts have continually acknowledged that this section is to be liberally applied so that cases will be resolved on their merits rather than on procedural technicalities. *Bloom v. Landy* (1979), 72 Ill. App. 3d 383, 399, 389 N.E.2d 1286, 1299.

■■ ■ However, a trial court has broad discretion in the allowance of amendments to pleadings. (*Old Salem Chautauqua Association v. Illinois District Council of the Assembly of God* (1958), 13 Ill. 2d 258, 266, 148 N.E.2d 777, 781.) The test in determining whether the discretion was properly exercised is whether it furthers the ends of justice. (*Bowman v. County of Lake* (1963), 29 Ill. 2d 268, 281, 193 N.E.2d 833, 840.) The ultimate efficacy of the claim and previous opportunities to assert a claim may be taken into account. (*City of Des Plaines v. Pollution Control Board* (1978), 60 Ill. App. 3d 995, 1002, 377 N.E.2d 114, 120.) The denial of a motion to amend will not be considered prejudicial error unless there has been a manifest abuse of the court's discretion. *Mundt v. Ragnar Benson, Inc.* (1975), 61 Ill. 2d 151, 161, 335 N.E.2d 10, 16; *Bowman*, 29 Ill. 2d at 281, 193 N.E.2d at 840.

Defendants acknowledge their request to amend their answer occurred after the cutoff date. However, Glen and Maxine point out

they were represented by different counsel until December 14, 1988. When new counsel entered his appearance, he was busy dealing with Landers' writ of *certiorari* to the United States Supreme Court. They maintain counsel did not have an opportunity to review the pleadings until after that time. They also observe that the asserted defense is the same as one of their counterclaims and the Bank would not be surprised. Further, since it introduces a new question, they note this amendment would defeat the Bank's motion for summary judgment.

■ The Bank responds by first noting this case commenced in 1984. The defendants filed their answer on October 3, 1984. It observes Glen and Maxine's new counsel was counsel for Charles and Landers throughout the proceeding and was intimately familiar with the case. Therefore, it argues that it would not take new counsel long to familiarize themselves with Glen and Maxine's case. Further, it observes the writ to the Supreme Court was filed on December 31, 1988, which still gave counsel an opportunity to comply with the deadline.

We conclude the trial court was within its discretionary limits, and the judgment of the trial court should be affirmed.

Based on appellant's motion, our court has consolidated the appeal in appellate court case No. 4—90—0023 (an appeal from a turnover order of the Moultrie County court) with this previously filed case in case No. 4—89—0464. The issue on appeal in case No. 4—90—0023 is based on the theory that our decision in *Landers I* was void. That issue having been determined in the negative, the trial court's order in case No. 4—90—0023 must be affirmed.

No. 4—89—0464, Affirmed.
No. 4—90—0023, Affirmed.

SPITZ and STEIGMANN, JJ., concur.