**Suzanne CLARK, Appellant,**

**v.**

**George H. CLARK, Executor of the Estate of Ferne R. Clark, Deceased; the District Court for the State of Iowa in and for Story County; and the Supreme Court of the State of Iowa, Appellees.**

**No. 92–2327.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 15, 1993.

Decided Jan. 28, 1993.

Rehearing and Rehearing En Banc Denied March 25, 1993.

Paul D. Lunde, Ames, IA, for appellant.

James A. Brewer, Ames, IA, for George H. Clark.

Julie F. Pottorff, Sp. Asst. Atty. Gen., Des Moines, IA, for District Court and Supreme Court of Iowa.

Before RICHARD S. ARNOLD, Chief Judge, MORRIS SHEPPARD ARNOLD, Circuit Judge, and HAMILTON,* District Judge.

RICHARD S. ARNOLD, Chief Judge.

This is a suit for injunction under 42 U.S.C. § 1983 and the Fourteenth Amend-

---

* The Hon. Jean C. Hamilton, United States District Judge for the Eastern District of Missouri, sitting by designation.

ment. The plaintiff in the present case, Suzanne Clark, has previously litigated in the Iowa state courts a question of title to real property formerly owned by her deceased mother, Ferne R. Clark. The other party in the state-court litigation, George H. Clark, is one of the defendants in this case and is Suzanne's brother. The other two defendants in this case are the state courts that decided the dispute between Suzanne and George. Suzanne brings this case, according to her own characterization, as "a collateral attack on judgments of two Defendant Iowa State Courts...." Brief for Appellant ii.

The District Court[1] dismissed the complaint, and we affirm. Only a brief explanation is necessary.

■ In the first place, it is not proper to make a court a defendant. Courts are not persons within the meaning of 42 U.S.C. § 1983, and, if they were, the action would be barred by the Eleventh Amendment, anyway. See *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Harris v. Missouri Court of Appeals, Western District*, 787 F.2d 427, 429 (8th Cir.), *cert. denied*, 479 U.S. 851, 107 S.Ct. 179, 93 L.Ed.2d 114 (1986). Plaintiff points out that she could avoid this problem by naming as individual defendants the judges of the courts in question. And in fact she attempted to amend her complaint in this fashion in the District Court. But even if this were done, her case would still face an insuperable obstacle: the bar of res judicata, arising out of the adverse judgments she suffered in the former state-court litigation.

The state courts squarely rejected the plaintiff's contention that she had a life estate in the real property in question. See *In re Estate of Clark*, 476 N.W.2d 367 (Iowa) (table), *cert. denied*, — U.S. —, 112 S.Ct. 640, 116 L.Ed.2d 658 (1991). All of the contentions that the plaintiff seeks to make in the present, federal action were made in the state courts. When those courts ruled in favor of George Clark, they necessarily rejected plaintiff's contentions, including her reliance on the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

Plaintiff may not relitigate the issues that have thus been determined against her, see *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982), if she had a full and fair opportunity to litigate those issues in the state courts. Plaintiff argues to us that the state courts ignored her federal constitutional contentions, that the opinions of those courts failed even to acknowledge that such contentions were being made. But under *Kremer* the judgment of the state courts is conclusive if those courts' procedures satisfied due-process requirements. In the end, plaintiff's argument is simply that the state courts' opinions did not expressly rule on her federal constitutional arguments. We do not believe that the Due Process Clause of the Fourteenth Amendment requires any particular technique of opinion-writing. Courts frequently reject by implication arguments urged by parties. Courts' opinions typically address explicitly only those contentions they believe are substantial enough to warrant such treatment. The state courts' opinions' failure to mention plaintiff's federal constitutional arguments means only that those courts did not consider the arguments substantial. Whether this was right or wrong is beside the point in the present posture of the case. The doctrines of claim and issue preclusion prevent relitigation of wrong decisions just as much as right ones. Otherwise, the doctrines would have no effect and be useless.

The District Court correctly determined that the judgments of the state courts against Suzanne Clark's property claim preclude her attempt to relitigate in this

1. The Hon. Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

federal action constitutional contentions that she unsuccessfully raised before the state courts.

Affirmed.