**LANDERS SEED COMPANY, INCORPORATED, Maxine Landers, Glen Landers, et al., Plaintiffs–Appellants,**

v.

**CHAMPAIGN NATIONAL BANK, a National Banking Corporation, and Supreme Court of the State of Illinois, Defendants–Appellees.**

No. 92–3984.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 9, 1993.

Decided Feb. 4, 1994.

John H. Bisbee, Macomb, IL (argued), for Landers Seed Co., Inc., Maxine Landers, Glen Landers and Charles Landers.

James W. Evans, Evans, Froehlich & Beth, Champaign, IL, for Champaign Nat. Bank.

Mark E. Wilson, Office of Atty. Gen., Civ. Appeals Div., Chicago, IL (argued), for Supreme Court of the State of Illinois.

Before GIBSON,* CUMMINGS and FLAUM, Circuit Judges.

CUMMINGS, Circuit Judge.

This case has taken a long and tortured path to reach this Court. In a trial held over six years ago, defendant Champaign National Bank sued Landers Seed Company, Incorporated, and Maxine, Glen and Charles Landers (plaintiffs are referred to jointly herein as "Landers") in the Circuit Court for the Sixth Judicial Circuit, Moultrie County, Illinois, to collect on a promissory note. Landers counterclaimed for breach of contract. The bank received a jury verdict in excess of $724,000 and Landers received a verdict of over $60,000 on their counterclaim. Both sides appealed. The Appellate Court of Illinois, Fourth District, affirmed the judgment in favor of the bank, but reversed the judgment on the counterclaim for insufficiency of evidence. For the five years since that decision Landers has tried to persuade both state and federal courts that the Illinois appellate court's reversal of the Landers counterclaim judgment was unconstitutional for various reasons and should not stand.

Landers' campaign began with a petition for rehearing, which was denied by the Appellate Court of Illinois. The Illinois Supreme Court then denied Landers' petition for leave to appeal and the United States Supreme Court denied Landers' petition for certiorari. Subsequently, in a motion for relief from judgment, Landers asked the state trial court to declare the Illinois appellate court's judgment void and unenforceable. This was denied. The appellate court affirmed, 194 Ill.App.3d 1019, 141 Ill.Dec. 779, 551 N.E.2d 1122 (4th Dist.1990), and denied a petition for rehearing. The Illinois Supreme Court denied leave to appeal.

Landers then sued the Champaign National Bank and the Illinois Supreme Court in the United States District Court for the Central District of Illinois under 42 U.S.C. § 1983. The district court dismissed the case for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine embodied in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Landers now appeals this most recent defeat. We affirm.

*Facts*

Landers Seed Company was a closely-held family corporation that did business as a grain seed company in Sullivan, Illinois. The individual plaintiffs owned and ran Landers Seed Company and had guaranteed a promissory note issued by that company to Champaign National Bank. The bank eventually sued Landers on the promissory note and Landers counterclaimed for breach of contract. In June 1987 the state trial court entered judgment on the jury's verdict in the bank's favor for $724,637.37 and on the jury's verdict in Landers' favor for $60,833.31 on their counterclaim. Both sides appealed, and although the Appellate Court of Illinois, Fourth District, affirmed the judgment in favor of the bank, it reversed the judgment on the counterclaim for insufficiency of evidence. 165 Ill.App.3d 1090, 116 Ill.Dec. 742, 519 N.E.2d 957 (4th Dist.1988).

Hoping to have the appellate court's ruling on the counterclaim overturned (and the jury verdict in its favor reinstated), Landers filed a petition for a rehearing. The petition was denied. Landers subsequently filed a petition to the Illinois Supreme Court for leave to appeal. When this petition was denied, 122 Ill.2d 571, 125 Ill.Dec. 212, 530 N.E.2d 240 (1988), Landers filed a petition in the United States Supreme Court asking it to grant certiorari. This petition, meeting the same fate as those that preceded it, was denied. 489 U.S. 1019, 109 S.Ct. 1138, 103 L.Ed.2d 199. Each of these petitions alleged

---

* The Honorable Floyd R. Gibson of the United States Court of Appeals for the Eighth Circuit is sitting by designation.

that the Illinois appellate court's reversal of the judgment on Landers' counterclaim on grounds not argued by the bank violated Landers' rights under the Due Process Clause of the Fourteenth Amendment.

Its efforts to resurrect the judgment on the counterclaim undeterred by the denial of these various petitions, Landers returned to the state trial court and in a motion for relief from judgment asked it to declare the Illinois appellate court's judgment void and unenforceable because it relied on arguments not advanced by the parties at any time in the prior proceedings. Landers' motion claimed the appellate court's judgment violated both Illinois Supreme Court Rule 366(b)(2)(iii)[1] and the Due Process Clause. This motion was denied. Landers appealed this denial to the Appellate Court of Illinois, which affirmed, holding that under Illinois Supreme Court Rule 366(a)(5)[2] the parties' arguments did not bind the *Landers I* court and that its first opinion was proper. 194 Ill.App.3d 1019, 141 Ill.Dec. 779, 551 N.E.2d 1122 (4th Dist.1990). Thereafter Landers filed a petition for rehearing in the Illinois Appellate Court and a petition for leave to appeal in the Illinois Supreme Court, claiming that Rule 366(a)(5) violated the Due Process Clause because it gave the appellate court too much discretion. These petitions were denied. See, *e.g.*, 133 Ill.2d 553, 149 Ill.Dec. 317, 561 N.E.2d 687 (1990). This time Landers did not petition the United States Supreme Court to grant certiorari.

Having failed in the state court system to obtain the result they desired, Landers commenced the action now before this Court, suing Champaign National Bank and the Illinois Supreme Court in the United States District Court for the Central District of Illinois under 42 U.S.C. § 1983. In this ac-

tion, Landers seeks a declaration that Rule 366(a)(5) violates the Due Process Clause; an injunction prohibiting the Illinois Supreme Court from continuing to enforce Rule 366(a)(5); and damages from Champaign National Bank equal to Landers' losses caused by the judgments the Bank secured through state court proceedings. Landers claims that the bank would not have recovered such judgment except for the assertedly void and unconstitutional Rule 366(a)(5). Champaign National Bank and the Illinois Supreme Court moved to dismiss the suit. The Illinois Supreme Court, however, soon filed an answer and moved to convert its motion to dismiss into a motion for judgment on the pleadings. The motion to convert was granted. In response, Landers filed a motion for "limited summary judgment" and a motion to substitute the individual justices of the Illinois Supreme Court in their official capacities as defendants in lieu of the Illinois Supreme Court itself.

In November 1992 Judge Baker granted the defendants' motions for judgment on the pleadings. The district court held that the complaint sought a federal declaration that the Illinois appellate court's judgment was invalid. The case was dismissed for lack of subject matter jurisdiction on the ground that under the *Rooker–Feldman* doctrine only the Supreme Court of the United States had jurisdiction in these circumstances to invalidate a state court judgment.

### Subject Matter Jurisdiction over the Claims Against the Illinois Supreme Court

In the case now before us, Landers has brought suit against the Illinois Supreme Court. The Eleventh Amendment, however,

---

1. That rule provides:
   *Post–Trial Motion.* A party may not urge as error on review of the ruling on his post-trial motion any point, ground, or relief not specified in the motion.

2. Rule 366(a)(5) provides:
   In all appeals the reviewing court may, in its discretion, and on such terms as it deems just:
       *     *     *     *     *     *
   (5) Enter any judgment and make any order that ought to have been given or made, and make any other and further orders and grant any relief, including a remandment, a partial reversal, the order of a partial new trial, the entry of a remittitur, or the enforcement of a judgment, that the case may require.

bars federal suits against state courts and other branches of state government, *Clark v. Clark,* 984 F.2d 272 (8th Cir.) (action against state court barred by Eleventh Amendment), certiorari denied, —— U.S. ——, 114 S.Ct. 93, 126 L.Ed.2d 60 (1993).[3] The Eleventh Amendment bars federal jurisdiction here since the Illinois Supreme Court itself is the named defendant and not the individual members of that court. This is true even though Landers moved, after their initial filing, to substitute the justices of the Illinois Supreme Court as the defendants in lieu of the court itself. Since Landers failed to serve the justices with summonses and complaints as required by Federal Rule of Civil Procedure 21, the justices were not made parties to this suit. See, *e.g.,* 7 Charles A. Wright, *et al.,* Federal Practice and Procedure § 1688 (2d ed. 1986); 3A Jeremy C. Moore, *et al.,* Moore's Federal Practice ¶ 21.-05[1] (2d ed. 1993). Because Landers failed to make the individual justices of the Illinois Supreme Court parties to the suit, the federal courts have no jurisdiction over Landers' claim regarding the state supreme court.

*Applicability of Rooker–Feldman Doctrine*

Even if Landers had in fact filed suit against the individual justices of the Illinois Supreme Court, the district court would have lacked subject matter jurisdiction over the controversy. Since the relief Landers requests would, if granted, effectively reverse the initial state appellate court ruling in its case and since the constitutional claims it raises would, if successful, void that ruling, the *Rooker–Feldman* doctrine bars jurisdiction.

■ Landers seeks a declaration and an injunction invalidating Illinois Supreme Court Rule 366(a)(5) and also seeks damages equal to the amount Champaign National Bank secured by virtue of the Illinois appellate court's invocation of Rule 366(a)(5). First Amended Complaint at 14–15. If Landers sought only injunctive and declaratory relief, it would not have standing to sue. *Facio v. Jones,* 929 F.2d 541, 543 (10th Cir.

1991). However, by requesting restitution of losses it incurred on account of the Illinois courts' use of Rule 366(a)(5), Landers seeks to remedy a past injury and therefore has sufficient interest in the controversy to have standing.

■ Although pursuing damages gives Landers standing, it raises a separate problem. By asking the district court to order Champaign National Bank to return the property it secured by way of a state court judgment, Landers essentially asks that the district court invalidate a state court judgment. The *Rooker–Feldman* doctrine, however, makes clear that a federal district court—except in limited circumstances—does not have the authority to review state court determinations, since such authority resides solely with the United States Supreme Court. *Feldman,* 460 U.S. at 482, 486, 103 S.Ct. at 1314, 1317; *Rooker,* 263 U.S. at 416, 44 S.Ct. at 150; *see also Lynk v. LaPorte Superior Court No. 2,* 789 F.2d 554, 563 (7th Cir.1986) (noting that allowing district courts to have jurisdiction would "displace almost the whole of state litigation into the federal courts by making the final judgment in state court the cause of action that kicks off a suit to undo that judgment in federal court"). And despite its efforts, Landers cannot squeeze its case into the narrow exception carved out in *Feldman.* There the Supreme Court held that a district court may preside over constitutional challenges to state court rules if such review does "not require review of a final state-court judgment in a particular case." 460 U.S. at 486, 103 S.Ct. at 1317. The *Feldman* court noted, however, that when

> the constitutional claims presented to the U.S. district court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's [claim], then the district court is in essence being called upon to review the state-court decision. This the district court may not do.

460 U.S. at 483–484 n. 16, 103 S.Ct. at 1316 n. 16.

---

**3.** In *Clark,* the Court of Appeals also noted that state courts are not proper defendants in § 1983 actions, such as the one here, since courts are not "persons" within the meaning of 42 U.S.C. § 1983. 984 F.2d at 273.

It is clear that the relief Landers seeks and the constitutional claim it presents here are "inextricably intertwined" with the various state court determinations handed down previously. First, since the relief sought by Landers would in effect require invalidating the Appellate Court of Illinois' first determination in this case, Landers' claim is "inextricably intertwined" with that determination. See *Facio v. Jones*, 929 F.2d at 543 (claim is "inextricably intertwined" where relief on which standing is premised would require district court to upset state court judgment).

Second, Landers' claim is "inextricably intertwined" with the appellate judgments rendered on Landers' motion for relief of the initial judgment. In its petition for rehearing and its petition to the Illinois Supreme Court for leave to appeal, Landers attacked the constitutionality of Rule 366(a)(5), the rule on which the Illinois Appellate Court grounded its affirmance of Landers' earlier appeal. Landers' petitions were denied. The claims raised before the district court attack the constitutionality of Rule 366(a)(5) on the same basis as Landers' petitions, and thus in essence ask the district court to review these denials. Had Landers desired a review of those denials and of the constitutionality of Rule 366(a)(5), it should have petitioned the Supreme Court of the United States for a writ of certiorari after the Illinois Supreme Court denied leave to appeal. This was certainly a procedure of which plaintiff was aware, having utilized it in its previous round of appeals. More importantly, this is the procedure required by 28 U.S.C. § 1257, which addresses United States Supreme Court review of state court determinations.

Since the claim Landers makes and the relief it seeks are "inextricably intertwined" with earlier state court judgments, the district court properly dismissed the plaintiffs' first amended complaint for lack of subject matter jurisdiction.

Judgment affirmed.