**David JOHNSON, Plaintiff–Appellant,**

v.

**SUPREME COURT OF ILLINOIS, et al., Defendants–Appellees.**

No. 98–2587.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 15, 1998.

Decided Jan. 21, 1999.

David Johnson (argued), Chicago, IL, pro se.

Darryl B. Simko (argued), Office of the Attorney General, Chicago, IL, for Supreme Court of the State of Illinois, Juleanne Hornyak.

Steven R. Splitt, Attorney Registration & Disciplinary Commission, Chicago, IL, for Mary Robinson, Robert Verrando, Alison E. O'Hara.

Before ESCHBACH, EASTERBROOK, and RIPPLE, Circuit Judges.

EASTERBROOK, Circuit Judge.

David Johnson was disbarred by the Supreme Court of Illinois in March 1998—in part because he began to practice law before his admission to the bar, in part because he retained a 25% contingent fee in a case in which he had agreed to accept 10% of the client's recovery, and in part because he lied to the Attorney Registration and Disciplinary Commission (ARDC) during its investigation. Johnson contends in this suit that the Supreme Court and other state agencies should

pay him millions of dollars for interfering with his practice of law. That contention is doomed by the fact that states and their agencies are not "persons" subject to suit under 42 U.S.C. § 1983, *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68–69, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997); *Will v. Michigan Department of State Police*, 491 U.S. 58, 70–71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), and blocked by the eleventh amendment to the extent it rests on supposed violations of other laws. See *Thiel v. State Bar of Wisconsin*, 94 F.3d 399, 401–02 (7th Cir.1996); *Landers Seed Co. v. Champaign National Bank*, 15 F.3d 729, 732 (7th Cir.1994).

■ Section 1983 permits damages litigation against state agents in their individual capacities, but the district court held that the five individual defendants—the Clerk of the Supreme Court, the Director of the state bar's Committee on Character and Fitness, the Administrator of the ARDC, and two members of the ARDC's staff—are entitled to absolute prosecutorial immunity. That conclusion is difficult to sustain, for neither the Clerk nor the Director is a "prosecutor," and many of the acts Johnson seeks to question occurred before the disbarment proceedings commenced. See *Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993); *Burns v. Reed*, 500 U.S. 478, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991); cf. *Kalina v. Fletcher*, 522 U.S. 118, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997).

■ A remand to sort out the subjects to which absolute immunity applies is unnecessary, however, because the suit does not come within federal jurisdiction in the first place. Johnson directs fire against the delay in admitting him to the bar (he took the bar exam in July 1992 after graduation from the University of Iowa but was not sworn in until November 1993), but he filed suit well beyond the two-year statute of limitations applicable to § 1983 actions in Illinois. *Ashafa v. Chicago*, 146 F.3d 459, 461 (7th Cir.1998); *Palmer v. Board of Education*, 46 F.3d 682, 684–85 (7th Cir.1995); *Kalimara v. Illinois Department of Corrections*, 879 F.2d 276 (7th Cir.1989). Only the investigation, initiation, and prosecution of the disbarment proceedings are within the potential scope of this action. Perhaps these made plain the harm from the deferred entry, which Johnson insists restarts the period of limitations; but if this is so then it becomes clear that the disbarment is the source of the injury of which Johnson now complains. But decisions of state courts—and the disbarment was a judicial action of the Supreme Court of Illinois, see *Levin v. Attorney Registration and Disciplinary Commission*, 74 F.3d 763, 766 (7th Cir.1996)—may not be contested in the inferior federal courts. Only the Supreme Court of the United States may review the decision of the Supreme Court of Illinois. See *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

■ As we have held in similar cases, the *Rooker–Feldman* doctrine eliminates most avenues of attack on attorney discipline. See, e.g., *Leaf v. Supreme Court of Wisconsin*, 979 F.2d 589, 597–600 (7th Cir.1992). See also *Greening v. Moran*, 953 F.2d 301, 304 (7th Cir.1992); *Grossgold v. Supreme Court of Illinois*, 557 F.2d 122, 125 (7th Cir.1977). Johnson could have taken his claims from the Supreme Court of Illinois to the Supreme Court of the United States; we lack any comparable power to review state judgments in civil cases. Johnson quotes at length from Justice Stevens's dissenting opinion in *Feldman*, but we must follow the Court's majority rather than the dissent. *Feldman* itself held that challenges to the rules used to license or discipline attorneys may be contested under § 1983 if they are separable from the decision in an individual licensing or disciplinary case, see also *Buckley v. Illinois Judicial Inquiry Board*, 997 F.2d 224, 227 (7th Cir.1993), but Johnson does not contend that any discrete rule adopted by Illinois violates the Constitution; instead he seeks damages on account of the outcome of his particular case, the core of the *Rooker–Feldman* doctrine.

According to Johnson, the *Rooker–Feldman* doctrine leaves open the possibility of damages for the delay in admitting him to the bar, because he challenges the actions

that led to the disbarment, rather than the disbarment itself. He professes contentment at the prospect of becoming wealthy (via a big judgment) and giving up the practice of law. Yet the only support for damages would be the disbarment, and the only support for a finding of liability would be events that were or could have been contested in the disbarment proceedings. For example, Johnson appears to believe that an applicant for admission to the bar may start practicing law as soon as the state court *should* have admitted him to practice, and therefore that he may not be disciplined for jumping the gun. Because his disbarment was based substantially on fraud—Johnson misled the client about his status as a lawyer, misled the court before which he filed an appearance, signed pleadings in the name of someone already admitted to the district court's bar (in order to disguise from the court the fact that a pretender was handling the case), and then lied about what had occurred—this issue is of doubtful relevance. For example, Johnson told the ARDC that he filed pleadings in the name of "Bruce Nash" of the nonexistent "Nash, Johnson & Associates" because Nash was the lawyer, and Johnson was just assisting Nash pending his admission to the bar. But Nash denied that he had agreed to represent the litigant pending Johnson's admission to the bar and said that he had been ignorant of Johnson's use of his name. Suppose nonetheless that the *only* basis of the disbarment had been Johnson's representation of a client before November 1993. Johnson could have presented to the ARDC and the Supreme Court of Illinois the same argument he makes to us: that unlawful delay in admitting him to the bar entitled him to act as a lawyer in the interim.

We very much doubt that the Constitution entitles would-be lawyers to start representing clients whenever, by their own lights, they should have been admitted. States provide remedies for administrative delay and are entitled to put self-help out of bounds when orderly processes are available. One orderly process that Johnson is trying to evade is the need to make arguments in the right tribunal at the designated time. Having failed to argue in the disbarment proceedings that delay in 1992–93 entitled him to practice law before his admission to the bar, Johnson now wants money damages because the ARDC and the Supreme Court of Illinois violated that supposed right. Balderdash. A litigant may not avoid the *Rooker–Feldman* doctrine by withholding arguments from the state court. Not even the law of res judicata (claim preclusion) permits such a maneuver, and the *Rooker–Feldman* doctrine, a jurisdictional limit on the power of the federal courts, is at least as broad as res judicata in this respect. Johnson's injury stems from his disbarment, which is beyond the power of an inferior federal court to review, and as in *Leaf* the accusation that the individual defendants conspired to violate his rights is inextricably intertwined with the disbarment. Johnson does not contend, for example, that any of the individual defendants searched his house or performed any other act that would be actionable apart from the disciplinary proceedings. What we said in *Leaf* about the scope of the *Rooker–Feldman* doctrine covers Johnson too.

The judgment of the district court is vacated, and the case is remanded with instructions to dismiss for want of jurisdiction.