200

Bart A. ROSS, Plaintiff–Appellant,

v.

State of ILLINOIS, et al., Defendants–Appellees.

No. 01–4281.

United States Court of Appeals,
Seventh Circuit.

Submitted Sept. 11, 2002.*

Decided Sept. 26, 2002.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before COFFEY, EASTERBROOK, MANION, Circuit Judges.

## ORDER

In 1992 doctors at the University of Illinois at Chicago Hospital diagnosed Bart Ross with oral cancer. Ross received a course of external radiation treatment, followed by a four-day course of radiation treatment by implant. The tumor responded well to radiation therapy, and doctors were optimistic that Ross would make a full recovery. Unfortunately, the cancer recurred, and this time Ross required radical surgery. His teeth were extracted, and part of his jawbone was removed, along with some surrounding tissue from his mouth. This surgery left Ross disfigured.

In 1995 Ross filed a medical malpractice action in Illinois state court, alleging that his doctors had been negligent in the diagnosis and treatment of his cancer. The court dismissed the suit on statute of limitations grounds but gave Ross leave to amend his complaint to show the timeliness of certain allegations. Ross fired his attorney and, instead of pleading additional facts to establish timeliness, argued that his attorney had conspired with the court to defeat his claim. The court entered a final dismissal order, and the Illinois Appellate Court affirmed.

Finding no satisfaction in Illinois state court, Ross turned to federal court where he filed claims under 42 U.S.C. §§ 1983, 1985, and 1986 against his doctors, their attorneys as well as his own attorney, the University of Illinois at Chicago Hospitals and Clinics, and the State of Illinois. The district court dismissed Ross's suit against the State of Illinois based on sovereign immunity and granted summary judgment for the rest of the defendants based on statute of limitations grounds. Ross appeals, contending that the district court was prejudiced against him and requesting that his case be remanded to a different judge for further proceedings.

The district court ruled that Ross's civil rights claim against his doctors and the hospital were barred by the statute of limitations. Ross complained of treatment he received in 1992 and 1993, and a final order dismissing his state malpractice claim was issued in 1997. Ross's section 1983 action was governed by the Illinois statute of limitations for personal injury claims, *see Wilson v. Garcia*, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), which is two years, 735 ILCS 5/13–202. Ross did not file his civil rights claim until November 2000; he was aware of his alleged injuries well before November 1998, and so his section 1983 claim was untimely.

But this claim presents an additional problem: Ross has already litigated his medical malpractice claims in state court. Ross characterizes his federal action against his doctors and the hospital as an "excessive force and battery" claim under section 1983. His complaint, however, never explains how the handling of his illness amounted to a civil rights violation; it merely rehashes the allegations he presented in Illinois state court.

▮ The doctors and the hospital argue that, under the *Rooker–Feldman* doctrine, the district court lacked subject matter jurisdiction to consider Ross's section 1983 claim. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–86, 103 S.Ct. 1303, 75 L.Ed.2d 206

(1983). The *Rooker–Feldman* doctrine generally bars plaintiffs from bringing section 1983 actions to remedy injuries *inflicted by* a state court's decision. *Jensen v. Foley,* 295 F.3d 745, 747 (7th Cir.2002). But the injury Ross claimed-excessive force and battery in violation of his civil rights-was allegedly inflicted by the doctors who treated his cancer, not by the state court. *See id.* at 747–48. Ross is dissatisfied with the outcome of his malpractice case, but he is not taking issue with what the state court *did.* He is taking issue with what the state court *declined to do:* the state court declined to grant him relief for an injury caused by actors other than the court. *Durgins v. City of East St. Louis,* 272 F.3d 841, 844 (7th Cir.2001). Essentially, Ross was attempting to relitigate a suit that has already been decided against him; he was barred from doing so not by *Rooker–Feldman* but by the doctrine of res judicata. *Durgins,* 272 F.3d at 844; *Nesses v. Shepard,* 68 F.3d 1003, 1004 (7th Cir.1995). The district court rejected Ross's claims against his doctors and the hospital as untimely, but we affirm for the reasons outlined in this order. *See Peele v. Country Mutual Ins. Co.,* 288 F.3d 319, 332 (7th Cir.2002).

■ Nor did the *Rooker–Feldman* doctrine bar Ross's section 1985 and 1986 claims against the attorneys involved in his malpractice case. Ross accused both his attorney and the attorneys representing his doctors of conspiring to deny him relief in state court. These allegations presented an injury not at issue in the medical malpractice case. But the claims are untimely. The statute of limitations for a section 1985 claim is governed by state law, *Wilson v. Garcia,* 471 U.S. 261, 279, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), and so the Illinois two-year statute of limitations for personal injury claims applies in this case, 735 ILCS 5/13–202; *Sanders v. Venture Stores, Inc.,* 56 F.3d 771, 775 n. 2 (7th Cir.1995). The statute of limitations for a section 1986 claim is one year. 42 U.S.C. § 1986. The clock on federal civil rights claims begins to run when the plaintiff becomes aware of his injury. *See Bishop v. Gainer,* 272 F.3d 1009, 1014 (7th Cir.2001). Ross argued in state court as early as September 1997 that the attorneys in his case were conspiring against him. He therefore needed to file his section 1985 claim by September 1999 and his section 1986 claim by September 1998. He did not file his federal complaint until November 1, 2000, and the district court properly found these claims barred by untimeliness.

■ The district court further dismissed Ross's claims that the State of Illinois denied him access to the courts and failed to protect his civil rights, observing that sovereign immunity barred Ross's suit against the State of Illinois. *See Hans v. Louisiana,* 134 U.S. 1, 15–16, 10 S.Ct. 504, 33 L.Ed. 842 (1890); *see also Edelman v. Jordan,* 415 U.S. 651, 662–63, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). But it was not necessary to reach the issue of immunity to dismiss these claims. *See Vermont Agency of Natural Resources v. United States ex rel. Stevens,* 529 U.S. 765, 779, 120 S.Ct. 1858, 146 L.Ed.2d 836 (2000) (whether a statute itself permits the cause of action it creates to be asserted against a state logically precedes the sovereign immunity question). The State of Illinois is not a "person" under sections 1983 and 1985 and is thus not subject to suit. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70–71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Collier v. Illinois Dep't of Human Rights,* 221 F.3d 1338 (7th Cir.2000); *Johnson v. Supreme Court of Illinois,* 165 F.3d 1140, 1141 (7th Cir.1999). Consequently, we VACATE the district court's

dismissal of Ross's suit against the State of Illinois for lack of subject matter jurisdiction and REMAND with instructions to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6). We AFFIRM the judgment of the district court as to all other defendants.