COLLOTON, Circuit Judge,
dissenting.
I would affirm the district court’s dismissal of this action based on the doctrine of collateral estoppel. As the court explains, these same parties litigated the district court’s jurisdiction to review the denial of an 1-130 Petition for Alien Relative filed by Viktors and Rochelle Ginters in Ginters v. Cangemi, 419 F.Supp.2d 1124 (D.Minn.2006) (Ginters I), and the district court resolved the issue against the Ginterses. The Ginterses declined to appeal that judgment to this court. The Ginterses then sought to relitigate in the district court the same question of jurisdiction with regard to the denial of a subsequent 1-130 petition, even though “[t]he controlling facts of this case are clearly the same.” Ante, at 827. The district court properly dismissed the case based on collateral estoppel.
The court concludes that collateral estoppel does not apply because “controlling principles of law have changed” since Ginters I. The court reasons that Kucana v. Holder, — U.S.-, 130 S.Ct. 827, — L.Ed.2d- (2010), made clear that the *830 limitations on judicial review set forth in 8 U.S.C. § 1252(a)(2)(B)(ii) apply only to determinations of the Attorney General made discretionary by statute, and not those determinations declared discretionary by the Attorney General through regulation. See Hernandez v. Holder, 606 F.3d 900, 903 (8th Cir.2010). Kucana thus abrogated Onyinkwa v. Ashcroft, 376 F.3d 797, 799 (8th Cir.2004), which held that § 1252(a)(2)(B)(ii) deprived this court of jurisdiction to review an immigration judge’s denial of a motion to continue, because a regulation had purported to make determinations on such motions discretionary. Id.
On the question whether to apply collateral estoppel in this case based on Ginters I, however, Kucana is a red herring. The district court in Ginters I never cited Onyinkwa or any other now-abrogated Eighth Circuit precedent concerning the effect of regulations that purport to confer discretion on an agency. The court did not hold that it lacked jurisdiction to review the denial of an 1-130 petition because the “sham” marriage determination under 8 U.S.C. § 1154(c) was “declared discretionary by the Attorney General himself through regulation.” Kucana, 130 S.Ct. at 831. Rather, the court reasoned that because a determination about whether a previous marriage was a “sham” for purposes of § 1154(c) required “some subjective weighing of the evidence,” the determination was necessarily “discretionary” and insulated from judicial review by 8 U.S.C. § 1252(a)(2)(B)(ii). 419 F.Supp.2d at 1130. The court in Ginters I cited a regulation that established the standard of proof for the determination (“substantial and probative evidence”), but the “subjective weighing of the evidence” that underlies the decision in Ginters I was necessary whether or not the applicable standard of proof was stated in a regulation.
That the issue resolved in Kucana was not a “controlling legal principle” that dictated dismissal in Ginters I is demonstrated by Sabhari v. Frazier, No. 06-196, 2007 WL 295261 (D.Minn.2007). There, after citing and applying the now-abrogated decision in Onyinkwa, the same district court that decided Ginters I nonetheless concluded that it did have jurisdiction to review the denial of an 1-130 petition. The court in Sabhari concluded that although the determination whether a marriage was “entered into for the purpose of evading the immigration laws,” 8 U.S.C. § 1154(c), requires “some subjective weighing of the evidence,” the discretion inherent in that judgment was insufficient to trigger the jurisdictional bar of § 1252(a)(2)(B)(ii). Id. at *10. The government declined to appeal in Sabhari.
Ginters I may have been wrong, but the Ginterses declined to appeal, and of course the doctrine of issue preclusion prevents relitigation of wrong decisions just as much as right ones. Clark v. Clark, 984 F.2d 272, 273 (8th Cir.1993). This court has not addressed whether Ginters I or Sabhari reflects the correct judgment about whether the “subjective weighing of the evidence” necessary to “determine” a “sham” marriage question under § 1154(c) means that § 1252(a)(2)(B)(ii) deprives a district court of jurisdiction to review the denial of an 1-130 petition. Kucana does not speak to that question. The applicable legal rule was undecided in this circuit at the time of Ginters I, and it remains undecided. There has been no change in the law that justifies an exception to the doctrine of collateral estoppel.
For these reasons, I would affirm the judgment of the district court.