COLLOTON, Circuit Judge,
dissenting.
I reach a different conclusion on the question of collateral estoppel that is raised in this case. Because the Trademark Trial and Appeal Board previously decided the same question about likelihood of confusion that was at issue in the trial of this case, Hargis Industries should not *1028 have been permitted to relitigate that point. I would therefore vacate the'judgment of the district court and remand for further proceedings.
In 2007, the Trademark Board denied Hargis’s application to register the mark SEALTITE', concluding that there was a likelihood of confusion between the proposed mark and B & B Hardware’s mark SEALTIGHT. After considering all of the facts in evidence that were relevant to the factors bearing on the likelihood-of-confusion issue, see In re E.I. DuPont DeNemours & Co., 476 F.2d 1357, 1361 (CCPA 1973), the Trademark Board determined that the most critical factors in the analysis of this case were the similarities of the marks and the similarity of 'the goods. The Board found that the marks are substantially identical and are used on closely related products. The Board also thought that anecdotal evidence of actual confusion lent support to its finding that when the two products are marketed under similar marks, consumers mistakenly believe that they came from the same source. The Board thus found that Hargis’s mark SEALTITE so resembled B & B’s mark SEALTIGHT as to be likely to cause confusion. Hargis did not seek judicial review of the Trademark Board’s decision.
One issue presented to the jury in this case was whether Hargis used the trademark SEALTITE in a manner that was likely to cause confusion among customers or potential customers as to the source of B & B’s products. B & B argued that Hargis was collaterally estopped from re-litigating that question, because the Trademark Board already decided the point in B & B’s favor. The district court disagreed, concluding that while a finding of an Article III court such as the Court of Custom and Patent Appeals may have bound the parties in a subsequent action, see Flavor Corp. of Am. v. Kemin Indus., Inc., 493 F.2d 275, 277-81 (8th Cir.1974), a decision by the Trademark Board, an administrative agency, did not have that effect.
Although this court in Flavor Corp. noted and distinguished an old Seventh Circuit decision holding that determinations made by an administrative arm of the Patent Office were not entitled to collateral estoppel effect, see John Morrell & Co. v. Doyle, 97 F.2d 232 (7th Cir.1938), the Supreme Court more recently emphasized that' “giving preclusive effect to administrative factfinding serves the value underlying general principles of collateral estop-pel: enforcing repose.” Univ. of Tenn. v. Elliott, 478 U.S. 788, 798, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986). Therefore, “[w]hen an administrative -agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res-judicata to enforce repose.” Id. at 797-98, 106 S.Ct. 3220 (quoting United States v. Utah Constr. & Mining Co., 384 U.S. 394, 422, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966)). There is good reason to apply this general proposition to decisions of the Trademark Board. See Jean Alexander Cosmetics, Inc. v. L’Oreal USA Inc., 458 F.3d 244, 250-56 (3d Cir.2006) (applying collateral estoppel to a decision of the Trademark Board on likelihood of confusion). As the leading treatise in the field observes:
[T]he courts have generally been too heady to deny preclusive status to findings of the Trademark Board. The volume of federal court litigation has become too pressing not to make use of the doctrine of collateral estoppel when the setting calls for it. The Trademark Board’s function “is to determine whether there is a right to secure or to maintain a registration.” If in the course of doing so factual issues are decided there is no policy reason why those factual questions should not be foreclosed from *1029 further re-litigation in court as long as the issues in the two cases are indeed identical and the other rules of collateral estoppel are carefully observed.
6 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 82:99 (4th ed.2013) (footnote omitted). For these reasons, I respectfully disagree with the district court’s apparent conclusion that collateral estoppel is inapplicable because the Trademark Board is an administrative body.
The majority does not adopt the district court’s rationale, but nonetheless affirms the district court’s ruling on the alternative ground that the Trademark Board “did not decide the same likelihood-of-confusion issues presented to the district court in this infringement action.” Ante, at 1026. One basis for this conclusion appears to be that the six factors considered by the Trademark Board in its analysis are not exactly the same as the six factors listed by this court for assessing likelihood of confusion in SquirtCo v. Seven-Up Co., 628 F.2d 1086, 1091 (8th Cir.1980). Modest differences in analytical approach to the same ultimate issue, however, do not justify dispensing with collateral estoppel, just as variations in analysis among the circuits about a legal issue does not mean that one circuit’s decision lacks preclusive effect in another. See, e.g., Georgia-Pacific Consumer Prods. v. Four-U, 701 F.3d 1093, 1101 (6th Cir.2012) (applying issue preclusion based on an Eighth Circuit decision that used six factors to determine likelihood of confusion, even though the Sixth Circuit applies eight factors, including two that are unique); Blumcraft of Pittsburgh v. Kawneer Co., Inc., 482 F.2d 542, 548 (5th Cir.1973) (discussing Blonder-Tongue Labs. v. Univ. of Ill. Found., 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971)).
The majority also concludes that the Trademark Board weighed the factors bearing on likelihood of confusion differently than the majority thinks they should be weighed in an infringement action. Ante, at 1025-26. This is tantamount to holding that a finding of the Trademark Board on likelihood of confusion will never be preclusive in an infringement action, because the majority believes that the balancing of factors that is appropriate in a registration or cancellation action is not appropriate in an infringement action. In reaching its decision on likelihood of confusion, the Trademark Board compared the marks in their entire marketplace context, discussing the companies’ goods in relation to the fastener industry, the companies’ channels of distribution, and the behavior of consumers in the market for the companies’ products. Where, as here, “the Trademark Board has indeed compared conflicting marks in their entire marketplace context, the factual basis for the likelihood of confusion issue is the same, the issues are the same, and collateral estoppel is appropriate.” Levy v. Kosher Overseers Ass’n of Am., Inc., 104 F.3d 38, 42 (2d Cir.1997) (quoting 4 McCarthy, supra, § 32:31 (3d ed.1996)); see also 6 McCarthy, supra, § 32:101 (4th ed.2013); Flavor Corp., 493 F.2d at 280 (“Since the fact of likelihood of confusion is singularly determinative in a cancellation proceeding and that fact is likewise one of the essential elements in an infringement action, the identity of issue requirement is met.”). That this court might disagree with the balance struck by the Trademark Board in a particular case is not reason to deny its decision preclusive effect. “The doctrines of claim and issue preclusion prevent reliti-gation of wrong decisions just as much as right ones. Otherwise, the doctrines would have no effect and be useless.” Clark v. Clark, 984 F.2d 272, 273 (8th Cir.1993).
The majority also mentions that Hargis bore the burden of persuasion in the regis *1030 tration action before the Trademark Board, but that B & B had the burden as a plaintiff in this infringement action. Ante, at 1025-26. This court has recognized, however, that differences in the burden of persuasion counsel against application of collateral estoppel only when the difference in burden affects who'should prevail. Lane v. Sullivan, 900 F.2d 1247, 1251 (8th Cir.1990) (citing - Restatement (Second) of Judgments § 28(4), cmt. f (1982)). Thé opinion of the Trademark Board in this case demonstrates that the burden of persuasion was not material to the decision. The burden is mentioned only once, in the last sentence of the opinion: “To the extent that any doubts might exist as to the correctness of our likelihood of confusion analysis, especially considering the prior determination that opposer’s mark is merely descriptive and has not acquired secondary . meaning, we resolve such doubts against applicant.” Before this observation, the Trademark Board already had completed its likelihood-of-confusion analysis and found that “applicant’s mark SEALTITE ... so resembles opposer’s mark SEALTIGHT ... as to be likely to cause confusion.” The final sentence — beginning with “[t]o the extent that any doubts might exist ” — is an alternative holding based on an uncertain contingency. It does not undermine the preclusive effect of the Trademark Board’s determination that confusion is likely.
For these reasons, I would vacate the judgment of the district court and remand for further proceedings with instructions to give preclusive effect to the decision of the Trademark Board on likelihood of confusion.